## ORIGINAL

1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name Boyd          Mobassa          K
        (Last)          (First)          (Initial)

3
4  Prisoner Number P-05952
4  Institutional Address Folsom State Prison; P.O. Box 950

5  Folsom, California 95763

6  ================================================
        UNITED STATES DISTRICT COURT
7        NORTHERN DISTRICT OF CALIFORNIA

8  IN RE: Mobassa Boyd                    CV  08      3005
    (Enter the full name of plaintiff in this action.)

9
                                          vs.           Case No. _____
10                                                      (To be provided by the clerk of court)
    Matthew Kramer, Warden
11                                                      PETITION FOR A WRIT
                                                        OF HABEAS CORPUS    RMW
12

13                                                      E-filing
14
    (Enter the full name of respondent(s) or jailor in this action)
15                                                                      (PR)
16  ================================================

        Read Comments Carefully Before Filling In
17  **When and Where to File**

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1    <u>Who to Name as Respondent</u>

2          You must name the person in whose actual custody you are.  This usually means the Warden or

3    jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5    respondents.

6          If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1.  What sentence are you challenging in this petition?

12             (a)      Name and location of court that imposed sentence (for example; Alameda     — Santa Rita County Jail

13                      County Superior Court, Oakland): 5325 Broder Blvd. Board of Parole Hearings  Dublin, California 94568

14        _____

15                     Court                                    Location

16             (b)      Case number, if known _____

17             (c)      Date and terms of sentence 10-23-2007 _____

18             (d)      Are you now in custody serving this term?  (Custody means being in jail, on

19                      parole or probation, etc.)           Yes ✓      No _____

20                      Where?

21                      Name of Institution: Folsom State Prison; P.O. Box 950

22                      Address: Folsom, California 95763 _____

23        2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   915, 992, 999. _____

27   _____

28   _____

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                 Yes ✓     No _____

    Preliminary Hearing:       Yes ✓     No _____

    Motion to Suppress:       Yes _____    No ✓

4. How did you plead?

    Guilty _____    Not Guilty ✓    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial? **Parole Hearing** Yes ✓    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment           Yes _____    No ✓

    (b)    Preliminary hearing     Yes _____    No ✓

    (c)    Time of plea           Yes _____    No ✓

    (d)    Trial **Parole Hearing**    Yes ✓    No _____

    (e)    Sentencing            Yes ✓    No _____

    (f)    Appeal               Yes _____    No ✓

    (g)    Other post-conviction proceeding    Yes _____    No ✓

8. Did you appeal your conviction?    Yes ✓    No _____

    (a)    If you did, to what court(s) did you appeal?

    Court of Appeal          Yes ✓    No _____

    Year: **2007**    Result: **Denied Petition**

    Supreme Court of California    Yes ✓    No _____

    Year: **2008**    Result: **Denied Petition**

    Any other court          Yes _____    No ✓

    Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

petition?                                           Yes ✓      No _____

(c)   Was there an opinion?                         Yes _____  No ✓

(d)   Did you seek permission to file a late appeal under Rule 31(a)?   N/A

                                                    Yes _____  No _____

If you did, give the name of the court and the result:   N/A

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

this conviction in any court, state or federal?          Yes _____  No ✓

     [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

challenged the same conviction you are challenging now and if that petition was denied or dismissed

with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

for an order authorizing the district court to consider this petition. You may not file a second or

subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

U.S.C. §§ 2244(b).]

(a)   If you sought relief in any proceeding other than an appeal, answer the following

      questions for each proceeding. Attach extra paper if you need more space.

      I.    Name of Court: ___ N/A _____

            Type of Proceeding: _____ N/A _____

            Grounds raised (Be brief but specific):

            a._____ N/A _____

            b._____

            c._____

            d._____

            Result: _____ Date of Result:_____

      II.   Name of Court: _____

            Type of Proceeding: _____

            Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

a._____

b._____

c._____    N/A

d._____

Result:_____ Date of Result:_____

III.    Name of Court:_____    N/A

Type of Proceeding:_____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result:_____ Date of Result:_____

IV.    Name of Court:_____    N/A

Type of Proceeding:_____

Grounds raised (Be brief but specific):

a._____

b._____

c._____    N/A

d._____

Result:_____ Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No ✓

Name and location of court:_____ N/A _____

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS    - 5 -

Claim One: My right to Present my witness. Namely, my grand mother was Violated by my Attorney In that, I'D asked said Esq.= Attorney too interview and Personally Subpoena said witness. Secondly my right to Postpone my hearing was violated thus, my defense was never Presented.

Supporting Cases: Duty to Investigate  It is ineffective assistance of counsel to fail to adequately Investigate the case. Defense counsel must explore Potentially meritoriours defenses. Even if the evidence is not later introduced for tactical reasons.
(In re cordero, 46 Cal. 3d 161, 181, 249 Cal. Rptr. 342, 756 P. 2d 1370 (1988).

Supporting cases
Civ. cd. § 3532. I die acts. "THE LAW NEITHER DOES NOR REQUIRE IDLE ACTS."; MILTON V. MORRIS (Cite as:
767 F. 2d 1443 [4] Crim. Law 110⊡ 641, 12 (1) THE STATE MAY NOT UNREASONABLY HINDER A DEFENDANT'S EFFORT'S TO PREPARE HIS OWN DEFENSE.

6(a)

Supporting Facts; Albeit, the entire pre Hearing too, and including revocation Hearing was nothing short of an complete Shame and a farce See/Exhibit A.) for Details.

Also, See/Exhibit  Regarding Germane, and material indicia. I also Request that this Court Shall order that the Relevant tape Recording of the herein entailed Proceedings (i.e., my Revocation Hearing.) Be made avaible to me

1   need more space.  Answer the same questions for each claim.

2          [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3   petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5          Claim One:  See next Page 6(a) and 6(B)

6          _____

7          Supporting Facts:  See next Page  6(a) and  6(B)

8          _____

9          _____

10         _____

11         Claim Two:  N / A

12         _____

13         Supporting Facts:  _____

14         _____

15         _____

16         _____

17         Claim Three:  N / A

18         _____

19         Supporting Facts:  _____

20         _____

21         _____

22         _____

23         If any of these grounds was not previously presented to any other court, state briefly which

24   grounds were not presented and why:

25         N / A

26         _____

27         _____

28         _____

PET. FOR WRIT OF HAB. CORPUS          - 6 -

1      List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:

4  In re cordero, 46 Cal. 3d 161, 181, 249 Cal. Rptr. 342, 756 P. 2d

5  1370 (1988).   Milton v. Morris, 767 F. 2d 1443.

6

7  Do you have an attorney for this petition?   Mr. Mark D. Eibert   Yes____   No __✓__
                                                Attorney at Law
8  If you do, give the name and address of your attorney: Post Office Box 1126
   I shall request Mr. Mark D. Eibert,
9  entailed in Exhibit B.) to deal with this Half Moon Bay, CA 94019-1126

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on  6-17-2008                          _Nabass Bond_

14              Date                    Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**          Dept. No. 9

Date: November 27, 2007     Hon. LARRY GOODMAN, Judge          Fil R. Cruz, Dep.Clk.
                                                              Not Reported, Reporter

---

IN RE: MOBASSA K. BOYD                          Counsel appearing: No Appearance
                          Petitioner            for Petitioner

vs.                                             Counsel appearing:   No Appearance
                                                for Respondent
**PEOPLE OF THE STATE OF CALIFORNIA**

                          Respondent

---

Nature of Proceedings:  EX PARTE PETITION FOR WRIT OF HABEAS CORPUS

                                        Case No:  132404
                                        PFN:   AYB907
                                        CEN: 8215334

This Court having reviewed the Petition for Writ of Habeas Corpus filed on November 27,2007 by Petitioner
Mobassa K. Boyd, NOW HEREBY ORDERS:

Petition for writ of habeas corpus is denied.  The petition fails to state a prima facie case to entitle petitioner to
habeas relief.

<u>CLERK'S CERTIFICATE OF MAILING (CCP 1013a)</u>

I certify that the following is true and correct:  I am a Deputy Clerk employed by the Alameda County Superior
Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this
ORDER REGARDING EX PARTE PETITION FOR WRIT OF HABEAS CORPUS, by placing a copy in an envelope
addressed as shown below and then by sealing and placing it for collection, stamping or metering with prepaid
postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard
court practices.

Mobassa K. Boyd
PFN # -AYB907
5325 Broder Blvd.
Dublin, CA 94568

Date: November 28, 2007

Executive Officer/Clerk of the Court

By:_____
Fil R. Cruz, Deputy Clerk

(Rev. 5/3/07)

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION FIVE

---

In re MOBASSA BOYD on Habeas Corpus.

A120067

Alameda County Sup. Ct. No. 132404



FILED

DEC 2 1 2007

Court of Appeal - First App. Dist.
DIANA HERBERT

By _____
DEPUTY

BY THE COURT:*

    The petition for writ of habeas corpus is denied.

Date   DEC 2 1 2007         JONES, P.J.      P.J.

* Before Jones, P.J., Simons, J. and Needham, J.

S159993

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re MOBASSA BOYD on Habeas Corpus

The petition for writ of habeas corpus is denied.

SUPREME COURT
FILED

APR – 9 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

ORIGINAL

MC-275

Name __Mr. Mobassa Boyd__

Address __Deuel Vocational Institution Prison__

__P.O. Box 600__

__Tracy, California 95378-0600__

SUPREME COURT
FILED

JAN 1 6 2008

CDC or ID Number __P05952__

Frederick K. Ohlrich Clerk

__Supreme Court of__
__California__

Deputy

(Court)

| | |
|---|---|
| __Mr. Mobassa Boyd__ <br> Petitioner <br><br> vs. <br><br> __State of Caifornia__ <br> Respondent | PETITION FOR WRIT OF HABEAS CORPUS <br><br> **S159993** <br> No. _____ <br> *(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA          Dept. No. 9

Date: November 27, 2007    Hon. LARRY GOODMAN, Judge          Fil R. Cruz, Dep.Clk.
                                                              Not Reported, Reporter

---

IN RE: MOBASSA K. BOYD                      Counsel appearing: No Appearance
                    Petitioner              for Petitioner

vs.                                         Counsel appearing:    No Appearance
                                            for Respondent
PEOPLE OF THE STATE OF CALIFORNIA

                    Respondent

---

Nature of Proceedings:  EX PARTE PETITION FOR WRIT OF HABEAS CORPUS

                                        Case No:  132404
                                        PFN:    AYB907
                                        CEN: 8215334


This Court having reviewed the Petition for Writ of Habeas Corpus filed on November 27,2007 by Petitioner
Mobassa K. Boyd, NOW HEREBY ORDERS:

Petition for writ of habeas corpus is denied.  The petition fails to state a prima facie case to entitle petitioner to
habeas relief.

                    CLERK'S CERTIFICATE OF MAILING (CCP 1013a)

I certify that the following is true and correct:  I am a Deputy Clerk employed by the Alameda County Superior
Court. I am over the age of 18 years. My business address is 1225 Fallon Street, Oakland, California. I served this
ORDER REGARDING EX PARTE PETITION FOR WRIT OF HABEAS CORPUS, by placing a copy in an envelope
addressed as shown below and then by sealing and placing it for collection, stamping or metering with prepaid
postage, and mailing on the date stated below, in the United States mail at Oakland, California, following standard
court practices.


Mobassa K. Boyd
PFN # -AYB907
5325 Broder Blvd.
Dublin, CA 94568


Date: November 28, 2007

Executive Officer/Clerk of the Court

By:
Fil R. Cruz, Deputy Clerk


(Rev. 5/3/07)                              2



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION FIVE

---

In re MOBASSA BOYD on Habeas Corpus.

A120067

Alameda County Sup. Ct. No. 132404

**FILED**

DEC 2 1 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
DEPUTY

BY THE COURT:*

    The petition for writ of habeas corpus is denied.

Date_____DEC 2 1 2007_____          _____JONES, P.J._____ P.J.

* Before Jones, P.J., Simons, J. and Needham, J.

3

**This petition concerns:**

☐ A conviction                    ☑ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other *(specify):*

1. Your name: Mr. Mobassa Boyd

2. Where are you incarcerated? level Vocational Institution Prison

3. Why are you in custody? ☑ Criminal Conviction   ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

X Felon in the Possession of an fire ___ Arm.

b. Penal or other code sections: 12021(e)

c. Name and location of sentencing or committing court: Alameda County Superior Court.

d. Case number: 132404

e. Date convicted or committed: _____

f. Date sentenced: 6-30-98

g. Length of sentence: Six years

h. When do you expect to be released? Eight months

i. Were you represented by counsel in the trial court? ☑ Yes. ☐ No. If yes, state the attorney's name and address:

Can not now Recall...

4. What was the LAST plea you entered? *(check one)*

☑ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☑ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

4

MC-275

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

My Right to Present my witness. Namely, my Grand mother was Violated by my Attorney. In that, I'D asked

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what time (when)* or place *(where).* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

Albeit, the entire Pre Hearing too, and including Revocation Hearing was nothing Short of an complete Shame and a farce See/Exhibit A) for Details.

Also, see/Exhibit C) Regarding Germane, and material indicia. I also Request that this court Shall Order that

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*



Civ. Cd. § 3532. I dle acts." THE LAW NEITHER DOES NOR REQUIRE IDLE ACTS.", MILTON V. MORRIS (Cite as: 767 F. 2d 1443 [4] Crim. Law 110 ⊜ 641. 12(1)

1 Grounds Cont.: Hearing was
2 Violated. thus, My Defense
3 was never Presented.
4
5 b. Sup. Cases: Duty to Investigate:
6 It is ineffective assistance of Counsel
7 to fail to adequately Investigate
8 the case. Defense counsel must
9 explore Potentially meritoriours
10 Defenses. Even if the evidence
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

b. Sup. Cases:

Is not later Introduced for tactical
Reasons. (In re cordero, 46 Cal. 3d 161, 181,
249 Cal. Rptr. 342, 756 P. 2d 1370 (1988).

4 b

# PRAYER

3  That this Court Order for me,
4  too be Granted an Fair Hearing
5  and that this Court Order
6  that I, be promptly given an
7  Complete copy of the tape
8  Recording of said Hearing.

H. C.    8

7. Ground 2 or Ground _____ *(if applicable):*                          MC–275

Said Esq.= Attorney too interview and
Personally subpoena said witness.
Secondly my Right to Postpone my.

a. Supporting facts:

The Relevant tape Recording of the herein
entailed proceedings(i.e., My Revocation
Hearing) Be made avaible to me.

b. Supporting cases, rules, or other authority:

THE STATE MAY NOT UNREASONABLY
HINDER A DEFENDANT'S EFFORT'S
TO PREPARE HIS OWN DEFENSE.

9

8. Did you appeal from the conviction, sentence, or commitment? ☑ Yes. ☐ No.  If yes, give the following information:

a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   SEE / Exhibit B.)

b.  Result _____  c.  Date of decision: _____

d.  Case number or citation of opinion, if known: _____

e.  Issues raised:  (1) _____

        (2) _____

        (3) _____

f.  Were you represented by counsel on appeal? ☑ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

   Can not Recall

9. Did you seek review in the California Supreme Court? ☑ Yes ☐ No.  If yes, give the following information:

a.  Result  SEE / Exhibit B.)        b.  Date of decision: _____

c.  Case number or citation of opinion, if known: _____

d.  Issues raised:  (1) _____

        (2) _____

        (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   I was not on Parole at said
   time...

11. Administrative Review:

a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   N/A

b.  Did you seek the highest level of administrative review available? ☐ Yes.  ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction,    MC–275
    commitment, or issue in any court? ☑ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a.  (1) Name of court: SEE/Exhibit B.)

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

          (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  b.  (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

          (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result.
    SEE/Exhibit B.)

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

    N/A

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:
    I Shall Request Esq., entailed in Exhibit B.) to Deal with this.

17. Do you have any petition, appeal, or other matter pending in any court? ☑ Yes. ☐ No. If yes, explain:
    SEE/Exhibit B.)

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    N/A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 1-9-2008     ▶ Malissa Bar
                      (SIGNATURE OF PETITIONER)

1
2

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit A.2

# Question To Grand Mother

1 Have i ever abused or disrespect you.?

2

3 Have i ever stole from you.?

4

5 Do i get mad at you if i ask you
6 for money and you don't have it
7 to give me.?

8

9 When i visit your home do i come
10 over disrespecting and threatening
11 you or my Dad.?

12

13 Does my Dad drink and when he
14 does do he get angry fast.?

15

16 Does my Dad get a attitude when
17 he starts drinking how much do
18 he drink a day.?

19

20 Have you ever heard me disrespect
21 my dad before.?

22

23

24

25

26

27

13

# QUESTION TO Dad

1 Was you drinking the day you
2 Said i threaten you.?

3
4 Why do you always threaten me
5 by saying I'll call your parole
6 officer on you.?
7
8 Have you had anything to
9 drink today.?
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

14

1
2
3
4   Exhibit B.)
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

15

Westlaw

455 F.3d 897

455 F.3d 897, 06 Cal. Daily Op. Serv. 5434, 06 Daily Journal D.A.R. 8093
(Cite as: 455 F.3d 897)

Page 1

Boyd v. Newland
C.A.9 (Cal.),2006.

United States Court of Appeals,Ninth Circuit.
Mobassa BOYD, Petitioner-Appellant,
v.
Anthony C. NEWLAND, Warden, Respondent-Appellee.
No. 03-17098.

Argued and Submitted Oct. 4, 2004.
Filed Dec. 29, 2005.
Amended June 26, 2006.

Background: State prisoner filed petition for writ of habeas corpus, challenging conviction of unlawfully possessing a firearm after having previously suffered a juvenile adjudication for a felony, and unlawfully possessing a sawed-off shotgun. The United States District Court for the Northern District of California, Ronald M. Whyte, J., denied petition, and petitioner appealed.

Holdings: The Court of Appeals, Graber, Circuit Judge, held that:
(1) without entire voir dire transcript, California appellate courts could not have evaluated relevant circumstances surrounding peremptory strike of African-American juror, as required by Batson, but
(2) state court's use of petitioner's nonjury juvenile adjudication to increase his sentence from three to six years was not contrary to, or unreasonable application of, clearly established federal law.

Affirmed in part, and reversed and remanded in part with instructions.

Opinion, 393 F.3d 1008, amended.

*899 Mark E. Elbert, Half Moon Bay, CA, for the petitioner-appellant.
Glenn R. Pruden, Deputy Attorney General, State of California, San Francisco, CA, for the respondent-appellee.

Appeal from the United States District Court for the Northern District of California, Ronald M. Whyte, District Judge, Presiding. D.C. No. CV-00-21287-RMW.

Before: RICHARD D. CUDAHY,[FN*] SUSAN P. GRABER, and RAYMOND C. FISHER, Circuit Judges.

FN* The Honorable Richard D. Cudahy, Senior Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

ORDER AND AMENDED OPINION

GRABER, Circuit Judge.

ORDER

The Opinion filed on December 29, 2004, slip op. at 17513, and appearing at 393 F.3d 1008 (9th Cir.2004), is amended. The Amended Opinion will be filed contemporaneously with this Order.

With this amendment, the panel has voted to deny the petition for rehearing and petition for rehearing en banc. Judges Graber and Fisher have voted to deny the petition for rehearing en banc and Judge Cudahy has so recommended.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on it.

The petitions for rehearing and petition for rehearing en banc are DENIED. Further petitions for rehearing or petitions for rehearing en banc may be filed.

OPINION

The California courts denied a Batson[FN1] motion made by Petitioner Mobassa Boyd and denied his request for a free transcript in response to the petitioner's Batson challenge. We must ask whether those rulings were contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme Court. In this case, we answered "no." Boyd v. Newland, 393 F.3d 1008 (9th Cir.2004). In response to a petition for rehearing and in light of recent Supreme Court cases clarifying Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), we now hold that the California appellate courts violated clearly established federal law by denying Petitioner's transcription request, without an entire voir dire transcript, to evaluate the relevant circumstances surrounding the contested strike, as Batson requires. In that respect we reverse and remand with instructions to grant the petition for a writ of habeas corpus.

Petitioner also argues that the California courts erred by enhancing his sentence because of a nonjury juvenile adjudication. As to that decision, we disagree and, in that respect, affirm.

FN1. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

FACTUAL AND PROCEDURAL HISTORY

Petitioner Mobassa Boyd is African-American. It was charged in California with unlawfully possessing a firearm after having previously suffered a juvenile adjudication for a felony, under Cal.Penal Code § 12021(e), and with unlawfully possessing a sawed-off shotgun [§ 12020(A)(1)]. During voir dire, the prosecutor used a peremptory

strike to excuse an African-American prospective juror. Petitioner's counsel made a Batson motion, asserting that the strike was race-based.[FN2] At the time of the disputed peremptory challenge, another African-American potential juror had been stricken for cause, two other African-American jurors sat as potential jurors, and the prosecutor had used two other peremptory challenges. The trial court denied the motion, finding that Petitioner had not established a prima facie case of racial bias in the prosecutor's use of the peremptory challenge.

FN2. Petitioner's counsel challenged the peremptory strike under People v. Wheeler, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978). Under Wheeler, to address the problem, under the California Constitution, of racially motivated peremptory challenges. As an implicit objection under Batson, People v. Yeoman, 31 Cal.4th 93, Cal.Rptr.2d 186, 72 P.3d 1166, 1187-88 (2003), so Petitioner preserved his federal constitutional claim. Accordingly, we refer to counsel's objection as a Batson motion.

The jury that eventually was empaneled convicted Petitioner. Petitioner waived his right to have a jury determine the truth of his prior juvenile adjudication. The trial court found the juvenile adjudication to be true and, accordingly, increased Petitioner's sentence from three to six years. Cal.Penal Code § 667(d)(3), 1170.12(b)(3).

Petitioner filed three requests to supplement the record to include the entire voir dire transcript. The California Court of Appeal granted Petitioner's request in part and required that he be provided the African-American juror plus the portions of the Petitioner's request for the entire voir dire. But the court of appeal denied Petitioner's request for the entire voir dire transcript because he did not comply with a California local rule that requires a defendant to "establish with some certainty how the

Page 2

455 F.3d 897, 06 Cal. Daily Op. Serv. 5434, 06 Daily Journal D.A.R. 8093
(Cite as: 455 F.3d 897)

455 F.3d 897, 06 Cal. Daily Op. Serv. 5434, 06 Daily Journal D.A.R. 8093
(Cite as: 455 F.3d 897)

Page 5

the basis of all the facts, some of which are the product of purposeful discrimination. Instead, a defendant satisfies the requirements of Batson's first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred.

Id. at 2417.

On the same day, the Supreme Court also decided Miller-El II. In Miller-El II, the Court used comparative juror analysis at the appellate level to determine whether a Batson violation had been established by the defendant in conducting its peremptory strikes. 125 S.Ct. at 2325-38. "Comparative juror analysis" refers, in this context, to an examination of a prosecutor's questions to see whether jurors are treated differently because of their membership in a particular group. See, e.g., id. (engaging in comparative juror analysis); Miller-El v. Dretke, 361 F.3d 1049 n.5 (5th Cir.2004)(same). "More powerful than these bare statistics" that "raise some debate about whether the jury was fairly chosen," the comparison of "side-by-side comparisons of some black venire panelists who were struck and white panelists allowed to serve." 125 S.Ct. at 2325.

Both Johnson and Miller-El II were decided after Petitioner's conviction became final. The government argued that even if a Batson comparative juror analysis is required by Johnson and Miller-El II on appeal, its rule cannot apply in the case at hand under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Teague held that new constitutional rules of criminal procedure may not support or refute an inference of discrimination

took effect after their convictions became final. Id at 310, 109 S.Ct. 1060.[FN5] Because the government argues that Petitioner is requesting the benefit of a rule decided after his original appeal was decided, and thus after his conviction became final, we must address Teague before turning to the merits of the case before us. See Caspari v. Bohlen, 510 U.S. 383, 389, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). We are convinced that Teague and establish new rules of criminal procedure.

FN5. There was no majority opinion in Teague. However, the Court has treated Justice O'Connor's plurality opinion as embodying the Teague rule. See Penry v. Lynaugh, 492 U.S. 302, 314, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), abrogated on other grounds, Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).

Neither does Miller-El II create a new rule of criminal procedure. Instead, it simply illustrates the means by which a petitioner can establish, and should be allowed to establish, a Batson error. See Ballard v. McNeil, 416 F.3d 419, 427 n.12 (9th Cir.2005) (stating that in Miller-El II the Court did not announce "any new statements or criteria for determining a Batson claim" but merely applied plausible Batson claim, it must analyze the prosecution's decision to remove a potential juror, as well all relevant circumstances surrounding the peremptory strike.

Accordingly, we now turn to the merits of Petitioner's Batson claim. In order to determine, at the first Batson step, whether racial bias motivated the prosecution's decision to remove a potential juror, we consider "all relevant circumstances" surrounding the strike. See 476 U.S. at 96, 106 S.Ct. 1712. Thus, when a defendant raises a and "all relevant circumstances" surrounding the peremptory strike. Batson, 476 U.S. at 94, 96, 106 S.Ct. 1712.

455 F.3d 897, 06 Cal. Daily Op. Serv. 5434, 06 Daily Journal D.A.R. 8093
(Cite as: 455 F.3d 897)

Page 6

purpose," Batson, 476 U.S. at 97, 106 S.Ct. 1712. Because the totality of relevant circumstances" surrounding the peremptory strike.

In this case, it is clear that the Petitioner raised at least a plausible Batson claim and that contextual analysis is therefore appropriate. After the prosecution exercised its first peremptory strike against an African-American juror (Petitioner is of the same race), Petitioner's counsel objected, arguing that this was the second African-American juror removed for cause. After the trial court questioned the juror, whose voir dire responses intimated a legitimate basis for removal. These facts, though not sufficient to establish a prima facie case, suggest that Petitioner's Batson claim was at least plausible, and the court should consider context in order to determine whether Petitioner has raised an inference of discrimination. See Johnson, 125 S.Ct. at 2417.

There are two main ways we could consider Petitioner's Batson claim in light of the "totality of relevant facts." Batson, 476 U.S. at 106 S.Ct. 1712; United States v. Alcantar, 897 F.2d 436, 438 (9th Cir.1990). First, we could look at percentages. Here, the prosecution used its Batson strike to dismiss an African-American prospective juror. The first two peremptory strikes were used against prospective jurors who were not African-American. We have held that, "[t]o establish a prima facie case, a petitioner does not need to show that the prosecution had] engaged in a pattern of discriminatory strikes against more than one prospective juror." Fernandez v. Roe, 286 F.3d 1073, 1078 (9th Cir.2002)(citing Batson). Nonetheless, in some cases, courts have found it more difficult to infer discrimination when a single prospective juror is stricken. See Wade v. Terhune, 202 F.3d 1190 (reviewing

455 F.3d 897, 06 Cal. Daily Op. Serv. 5434, 06 Daily Journal D.A.R. 8093
(Cite as: 455 F.3d 897)

Page 9

utilize an appeal when asserting a defendant's plausible *Batson* claim, we also must conclude that all defendants, including those who are indigent, have a right to have access to the trial which would enable them to develop their plausible *Batson* claims through comparative juror analysis.

"[T]he State must provide an indigent defendant 'with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal.'" *Britt v. North Carolina*, 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). The Supreme Court has held that an indigent defendant must be provided, without expense, the part of the trial transcript that is relevant to his defense. *See, e.g., id.* at 228, 92 S.Ct. 431 (stating that the transcript of a prior material proceeding can be assumed to be valuable to a defendant, although ultimately finding no error because an alternative to the transcript existed); *Williams v. Oklahoma City,* 395 U.S. 458, 458-59, 89 S.Ct. 1818, 23 L.Ed.2d 440 (1969) (per curiam) (finding constitutional error where the state provided no trial transcript to an indigent defendant on appeal); *Gardner v. California,* 393 U.S. 367, 370-71, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969) (holding that the indigent defendant had to be provided with a transcript of an evidentiary hearing from his original trial, so that he could file a habeas petition); *Long v. Dist. Court of Iowa,* 385 U.S. 192, 193-94, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966) (per curiam) (holding that a court's refusal to provide a defendant with any portion of a habeas transcript was error). We recognize that the United States Constitution does not violate the California rule requiring an indigent defendant to obtain a specific need to obtain a complete voir dire transcript does not run counter to clearly established federal law.

In denying, in part, Petitioner's request for an entire voir dire transcript, the state court's refusal to provide "Petitioner" with the whole voir dire transcript was in the face of a plausible *Batson* claim, had failed to "establish with some certainty how the requested material would help him on appeal, pursuant to local rule 60(f), *Batson* and its progeny explain why, as a matter of Supreme Court law, such a transcript may be useful materials may be useful on appeal" before it will

PN5. In pertinent part, the rule provides:

A motion to augment the record to include additional documents or a transcript shall itself identify the portion of the record with specificity, including the reporter and date of hearing. It shall establish with some certainty how the requested materials may be useful on appeal. Requests for voir dire should specify the exact questioning by which counsel will have argued together with the defendant's reasons why this error occurred.

Cal. Ct.App., First App. Dist. Local Rule 60(f).

We do not agree that local rule 60(f) violates the Constitution. The Supreme Court has upheld a federal statute that is similar to California's local rule 60(f). In *United States v. MacCollom,* 426 U.S. 317, 322-23, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976) (plurality opinion), the Court concluded that a statute requiring a full transcript be provided to a habeas petition is not frivolous and that a transcript is needed, before providing an indigent defendant with a trial transcript, does not violate the United States Constitution. Thus, the California rule requiring an indigent defendant to obtain a specific need to obtain a complete voir dire transcript does not run counter to clearly established federal law.

The state court's error was simply in holding that an indigent defendant with a plausible *Batson* claim, had failed to "establish with some certainty how the requested material would help him on appeal, pursuant to local rule 60(f), *Batson* and its progeny explain why, as a matter of Supreme Court law, such a transcript may be useful on appeal.

In summary, under Supreme Court precedent the burden for making a prima facie case is not an

Page 10

onerous one. *Johnson,* 125 S.Ct. 2417. When an appellate court must decide whether the trial court that denied the *Batson* motion acted correctly, have drawn "an inference that discrimination occurred." *Id.* at 2419. *Batson* supports the use of comparative juror analysis, *Miller-El II,* 125 S.Ct. at 2325-38. A reviewing court cannot examine the "totality of the relevant facts," "all relevant circumstances," *Batson,* 476 U.S. at 94, 106 S.Ct. 1712, surrounding a prosecutor's peremptory strike of a minority potential juror without an entire voir dire transcript. We do not hold that Petitioner has satisfied his burden of establishing a prima facie case of discrimination under *Batson's* first step. Rather, we hold that, in light of the Ninth and Eleventh Circuits have held that the *Apprendi* "prior conviction" exception includes nonjury juvenile adjudications, which can legitimately enhance defendant's sentence. *United States v. Burge,* 407 F.3d 1183, 1190-91 (11th Cir.) (holding that a juvenile adjudication may "*910* be used as a "prior conviction" under *Apprendi*), *cert. denied,* --- U.S. ----, 126 S.Ct. 551, 163 L.Ed.2d 467 (2005); *United States v. Jones,* 332 F.3d 688, 696 (3d Cir.2003) (citing *Tighe* and noting that it is a "prior conviction" under *Apprendi*), *or Jones,* two cases relied upon by the *Tighe* court.

Finally, Petitioner contends that the state court violated clearly established federal law by using a nonjury juvenile adjudication to increase his sentence from three to six years. In *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that, "[O]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) Petitioner argues that a juvenile adjudication does not qualify as a "conviction" under the *Apprendi* exception.

We have held that the *Apprendi* "prior conviction" exception encompasses only those proceedings that provide a defendant with some certainty that a defendant with a plausible *Batson* claim... *United States v. Tighe,* 266 F.3d 1187, 1194 (9th Cir.2000). Consequently, we do not recognize nonjury juvenile adjudications as "convictions" ordinarily we do not allow sentencing enhancements based on such adjudications. *Id.* at 1194-95.

B. *Nonjury Juvenile Adjudication*

California courts disagree with *Tighe.* They conclude that *Apprendi* does not preclude the use of nonjury juvenile adjudications to enhance the sentence of an adult offender. *See, e.g., People v. Bowden,* 102 Cal.App.4th 387, 125 Cal.Rptr.2d 513, 519 (2002) ("[T]he *Tighe* majority opinion is unpersuasive, and we decline to follow or extend its reasoning, to the extent of the conflict, we reject *Tighe.* *See also People v. Palmer,* 10 Cal.App.4th 1072, 133 Cal.Rptr.2d 201, 907-29 (2003); *Johnson,* J. Cal.Rptr.2d 501, 507-29 (2003) (Johnson, J., concurring in part and dissenting in part) (relying on *Tighe* to argue against the use of a defendant's juvenile adjudication to enhance the defendant's sentence). Likewise, the Third, Eighth, and Although we are not suggesting that *Tighe* was incorrectly decided, as some of these varying interpretations suggest, the opinion

467 F.3d 1139
467 F.3d 1139, 75 USLW 3603, 06 Cal. Daily Op. Serv. 9940
(Cite as: 467 F.3d 1139)

**Page 2**

230k3(16.15)

k.    Peremptory
Challenges. Most Cited Cases
To succeed on a charge of racial bias under *Batson*, the defendant first must establish a prima facie case of purposeful discrimination, by showing that (1) the defendant is a member of a cognizable racial group; (2) the prosecutor used a peremptory strike to remove the juror; and (3) the totality of the circumstances raises an inference that the strike was motivated by race.

[4] Jury 230 ⟐33(5.15)

230 Jury
    230k30 Denial or Infringement of Right
        230k33 Constitution and Selection of Jury
            230k33(5) Challenges and Objections
                230k33(5.15) k.    Peremptory
Challenges. Most Cited Cases
If defendant fails to establish prima facie case of purposeful discrimination in prosecutor's use of peremptory strike in violation of *Batson*, prosecutor need not provide race-neutral explanation for the strike.

[5] Habeas Corpus 197 ⟐770

197 Habeas Corpus
    197III Jurisdiction, Proceedings, and Relief
        197III(C) Proceedings
            197III(C)4    Conclusiveness of Prior
Determinations
                197k769    State    Determinations    in
General
                    197k770 k. Particular Issues and
Problems. Most Cited Cases
(Formerly 197k66)
Federal Court
Although California Court of Appeal, on appeal challenging denial of *Batson* motion, placed impermissibly high burden on petitioner by requiring showing of "strong likelihood" that prosecutor's challenge had been motivated by racial considerations, rather than "raise an inference" standard of *Batson*, California Court's determination was owed no deference, on habeas review, where that Court had also held that petitioner had failed to establish prima facie case under either state or

[6] Criminal Law 110 ⟐1152(1)

110 Criminal Law
    110XXIV Review
        110XXIV(G) Record and Proceedings Not in
Record
            110XXIV(Q)15 Questions Presented for
Review
                110k1152 Preliminary Proceedings
                    110k1152(1) k.    Selection    and
Impaneling of Jury. Most Cited Cases

Habeas Corpus 197 ⟐396

197 Habeas Corpus
    197III Grounds for Relief; Illegality of Restraint
        197III(B) Particular Defects and Authority for
Detention in General
            197k396 k. Jury. Most Cited Cases
Without    considering    prosecution's
peremptory    challenge    of    African-American
potential juror, court could have evaluated the
inference of racial bias, and therefore could not
properly have found that defendant failed to
establish prima facie case of *Batson* violation;
defendant raised at least plausible *Batson* claim by
arguing that juror was second African-American
juror removed from jury pool, that there remained
only two potential African-American jurors in pool,
and that nothing in such juror's voir dire responses
insinuated legitimate basis for removal.

[7] Courts 106 ⟐100(1)

106 Courts
    106I Establishment,    Organization,    and
Procedure
        106I(H) Cited Cases
            106I(H)1 General; Retroactive
Operation
                106k100 In General
                    106k100(1) k. In General; Retroactive
Operation. Most Cited Cases
Comparative juror analysis is important tool that

after his conviction became final, reviewing threshold for making prima facie *Batson* claim; decision merely clarified *Batson* and did not establish new rule of criminal procedure.

[11] Criminal Law 110 ⟐1134(6)

110 Criminal Law
    110XXIV Review
        110XXIV(A) Scope of Review in General
            110k1134 Scope and Extent in General
                110k1134(6) k.    Ruling    as    to
Summoning, Impaneling, or Selection of Jury. Most
Cited Cases
Because comparative juror analysis assist a court
in determining whether totality of circumstances
gives rise to an inference of discrimination, this
analysis is called for on appeal even when trial
court ruled that defendant failed to make prima
facie showing at first step of *Batson* analysis.

[12] Criminal Law 102 ⟐302.1(1)

102 Costs
    102XVII In Criminal Prosecutions
        102XVII.1 Security for Payment;
Proceedings in Forma Pauperis
            102302.1 Transcript of Prior Proceedings
                102302.1(1) k.    In    General.    Most
Cited Cases
Defendant, including those who are indigent, have
potential right to have access to entire voir dire transcript
which would enable them to develop their plausible
*Batson* claims through comparative juror analysis.

[13] Costs 102 ⟐302.1(1)

102 Costs
    102XVII In Criminal Prosecutions
        102XVII.1 Security for Payment;
Proceedings in Forma Pauperis
            102302.1 Transcript of Prior Proceedings
                102302.1(1) k.    In    General.    Most
Cited Cases
Local rule of California Court of Appeal, requiring
indigent defendant to "establish with some certainty
how the requested materials may be useful on appeal
" before Court would provide transcript free of
charge, was unconstitutional.

[14] Jury 230 ⟐4(6)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Page 3**

defendant's plausible *Batson* claim.

110 Criminal Law 110 ⟐1134(6)

[8] Courts 106 ⟐100(1)

106 Courts
    106I Establishment,    Organization,    and
Procedure
        106I(H) Cited Cases
            106I(H)1 General; Retroactive
Operation
                106k100 In General
                    106k100(1) k. In General; Retroactive
Operation. Most Cited Cases
Comparative juror analysis, at first level of
comparison, concerns whether prosecutors decision to
remove potential juror, court must consider totality
of relevant facts and all relevant circumstances
surrounding peremptory strike.

[9] Jury 230 ⟐33(5.15)

230 Jury
    230k30 Denial or Infringement of Right
        230k33 Constitution and Selection of Jury
            230k33(5) Challenges and Objections
                230k33(5.15) k.    Peremptory
Challenges. Most Cited Cases
At second *Batson* step, whether
racial bias has motivated prosecutor's decision to
remove potential juror, court must consider totality
of relevant facts and all relevant circumstances
surrounding peremptory strike.

[10] Jury 230 ⟐33(5.15)

230 Jury
    230k30 Denial or Infringement of Right
        230k33 Constitution and Selection of Jury
            230k33(5) Challenges and Objections
                230k33(5.15) k.    Peremptory
Challenges. Most Cited Cases
Comparative juror analysis is important tool that
should be used on appeal when assessing

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

court of appeal denied. *1143 Petitioner's requests for the entire voir dire transcript and contended she did not comply with an established local rule that requires a defendant to "establish with some certainty how the requested materials may be useful on appeal." Cal.Ct.App., First App. Dist., Local Rule 4(d) (2003). This court also relied on controlling California precedent, which does not require a court to provide a defendant with an entire voir dire transcript free of charge. See People v. Zapien, 4 Cal.4th 929, 17 Cal.Rptr.2d 122, 846 P.2d 704, 828 (1993) (holding that when the purpose of the request is to compare the testimony of jurors, but no such comparison was made at the trial level, a court need not provide a free voir dire transcript).

On direct appeal to the California Court of Appeal, Petitioner challenged the denial of his Batson motion. The court of appeal affirmed Petitioner's conviction, and the California Supreme Court denied his petition for review without comment.FN3 After exhausting state-court post-conviction procedures without success, Petitioner petitioned for a writ of habeas corpus in federal district court. The district court denied his petition. Petitioner now appeals to us.

FN3. Under AEDPA, we review the last reasoned state-court decision. Brazil v. Cambra, 316 F.3d 985, 987 (9th Cir.2003). Accordingly, we examine the California Court of Appeal's decision here.

STANDARD OF REVIEW

[2] We review de novo a denial of a petition for habeas corpus. Dubria v. Smith, 224 F.3d 995, 1000 (9th Cir.2000) (en banc).

DISCUSSION

We may not find a state court's determination unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir.2003).

A. Batson Claim

[3][4] To succeed on his charge of racial bias, Petitioner first must establish a prima facie case of "the rac[ial] discrimination." Batson, 476 U.S. at 96, 106 S.Ct. 1712; Purkett v. Page, 182 F.3d 677, 680 (9th Cir.1999) (en banc). He must show that (1) the prospective juror is a member of a cognizable racial group; (2) the prosecutor used a peremptory challenge to remove the juror; and (3) the totality of the circumstances raises an inference that the strike was motived by race. Batson, 476 U.S. at 96, 106 S.Ct. 1712; Cooperwood v. Cambra, 245 F.3d 1042, 1045-46 (9th Cir.2001). If he failed to establish a prima facie case, the prosecutor need not have provided a race-neutral explanation for the strike. Batson, 476 U.S. at 96-97, 106 S.Ct. 1712; Cooperwood, 245 F.3d at 1046.

The first and second elements of the test are met, because the prospective juror is African-American, and the prosecutor used a peremptory strike to remove the juror. Only the third element, the presence of an inference of racial bias, is at issue, that is, whether the state court erred in failing to recognize an inference of racial motivation.

But the California court did not stop here. It also held that Petitioner "clearly did not establish a prima facie case of group discrimination, even under federal precedent." In other words, the court of appeal not only ruled on the Wheeler standard, but also the Batson standard, to establish a prima facie case under either state or federal law. Because the court of appeal recognized the difference between the two, its determination deserves deference. See Tolbert, 182 F.3d at 682-83 (describing deference owed to a state court's prima facie determination under Batson).

more onerous burden of proof than that required by the "rac[e] an inference" standard of Batson. See Johnson v. California, 545 U.S. 162, 125 S.Ct. 2410, 2413-14, 162 L.Ed.2d 129 (2005) (agreeing with the Ninth Circuit that the Wheeler standard, which requires a petitioner to show a peremptory challenge more likely than not was based on impermissible group bias, is more demanding than the standard enunciated in Batson, and therefore was inconsistent with Batson).FN4 ... as currently interpreted by the California courts, does not satisfy the constitutional requirement laid down in Batson").

[6] Petitioner also does not stop here. It also held that Petitioner "clearly did not establish a prima facie case of group discrimination, even under federal precedent." We previously held that Petitioner did not make a prima facie case. If we were correct, we would not defer to the state court. See Wade v. Terhune, 202 F.3d 1190, 1195 (9th Cir.2000)*1144 (holding that when the state court uses the wrong legal standard, the rule of deference does not apply) but we read the state court's decision differently.

Petitioner first argues that the California Court of Appeal's decision was "contrary to" federal law, 28 U.S.C. § 2254(d)(1), because the court used an incorrect legal standard in determining whether he had made out a prima facie case. If we were correct, we would not defer to the state court. See Wade v. Terhune, 202 F.3d 1190, 1195 (9th Cir.2000). Shortly after we published our decision, however, the Supreme Court issued two opinions dealing with the application of Batson to peremptory challenges: Johnson v. California, 545 U.S. 162, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005), and Miller-El v. Dretke, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005)(Miller-El II).FN4 We asked the parties for supplemental briefing on the application of these decisions to this case. After further consideration, we now conclude that our previous opinion misunderstood Batson and that, without an opinion from the California appellate courts and could not have considered the circumstances *1145 surrounding the contested strike, could not

FN4. This is not the first time that the Supreme Court granted certiorari in that case. The district court concluded that the petitioner had failed to establish a violation of Miller-El's constitutional rights. At Miller-El v. Cockrell, 537 U.S. 322, 326-27, 123 S.Ct. 1035, 154 L.Ed.2d 931 (2003)(Miller-El I). The Court reviewed on the question to the denial of his request for a certificate of appealability ("COA") so that he could pursue his habeas corpus relief based on a claim of group bias in jury selection. At Miller-El's trial, the prosecution used peremptory strikes against 10 of 11 African-American prospective jurors. Id. at 326, 123 S.Ct. 1035. The Supreme Court reviewed whether his federal habeas motion, Batson was well entrenched. Id. at 327,123 S.Ct. 1029. The Fifth Circuit refused to grant a COA, concluding that the petitioner had failed to establish a viable claim of constitutional error. Id. at 348, 123 S.Ct. 1029. The Supreme Court again granted certiorari in Miller-El II, to establish whether the circuit court's decision was correct.

FN5. In Johnson, the prosecution used peremptory challenges to strike all three African-American prospective jurors from the pool. Id. at 2416. Defense counsel made against African-American jurors. After that, although the situation was "very close," the defense had not established a prima facie case of ...

FN7. In Johnson, the Supreme Court reviewed the level of proof necessary to establish a prima facie case of discrimination under the first step of Batson. Johnson, 545 U.S. 162, 125 S.Ct. at 2416. In Johnson, the prosecution used its only African-American prospective jurors from the pool. Id. at 2416. Defense counsel made against African-American jurors. After that, although the situation was "very close," the defense had not established a prima facie case of

20

467 F.3d 1139, 75 USLW 9603, 06 Cal. Daily Op. Serv. 9940
(Cite as: 467 F.3d 1139)

Page 10

prospective jurors stricken to non-minority prospective jurors stricken. See *Miller-El II,* 125 S.Ct. at 2325 (noting that "[t]he numbers describe the situation, and they are quite remarkable."); *Wade,* 202 F.3d at 1194 (reviewing the statistical evidence of the prosecution's use of peremptories as remarkable."); *Wade,* 202 F.3d at 1194 (reviewing the statistical evidence of the racial makeup of the prospective jurors who were struck and of the pool at large, although ruling that statistical disparities can be misleading).

We know only that the prosecutor used a peremptory strike to remove each African-American juror and that two other African-American prospective jurors remained on that time. Because the state courts did not conduct a comparative juror analysis, the record does not contain a voir dire transcript to Petitioner, who is indigent, we lack the additional data that would allow the kind of statistical analysis that both the Supreme Court and this court have performed in the past. Second, we conclude as an appellate court that *Batson v. Kentucky,* 476 U.S. at 98, 106 S.Ct. 1712, surrounding the challenged peremptory strike by engaging in comparative juror analysis. To support his claim, Petitioner contends here, as he did below, that in the first instance, that no reason existed for the peremptory challenge. In order to assess Petitioner's claim, we must compare the prospective *1148 juror who was stricken with the other prospective jurors who were not.

In our *Boyd* opinion, we held that *Batson* does not compel a court to conduct comparative juror analysis for the first time on appeal. *Boyd,* 399 F.3d at 1015. We looked to California cases that require a petitioner to preserve the issue at trial, in order for a court to consider comparative juror analysis as an issue, e.g., *People v. Johnson,* 30 Cal.4th 1302, Cal.Rptr.2d 270, 71 P.3d 270, 285 (2003) (noting that the court maintains its "longstanding practice" of refusing to engage in comparative juror analysis for the first time on appeal). *People v. Cornwell,* 37 Cal.4th 50, 33 Cal.Rptr.3d 1, 117 P.3d 622, 635 (2005) (citations omitted), cert. denied, — U.S. —, 126 S.Ct. 1472, 164 L.Ed.2d 129 (2006). But after *Miller-El II,* we recognize that our previous reading of *Batson* was too narrow and that *Batson* does require a comparative juror analysis on appeal, even when the prosecution used in the first instance, the prosecution used in *Miller-El II.*

peremptory challenges to strike African-American jurors, leaving only one African-American juror in the pool. 125 S.Ct. at 2325. After *Miller-El II* was decided, but while his appeal was pending, he was convicted, but while his appeal was pending, the Supreme Court decided *Batson. Id.* at 2246 (Thomas, J., dissenting). The state court of appeals remanded the case for a *Batson* hearing, where the trial court had already evaluated and defended some evidence the prosecutor during the case of the defendant's case. The prosecution used in the first instance, the prosecution used in *Miller-El II.*

[10] The Supreme Court, though, looked beyond the evidence the trial court had presented to the court and conducted a comprehensive comparative juror analysis on appeal. *Id.* at 2325-28 & 2326 n.2. Accordingly, the California court view that comparative juror analysis should not be undertaken for the first time on appeal does not apply only when the trial court has engaged in such an analysis. The first instance has been called into question. Defendant asks us to conduct comparative juror analysis on appeal. As the case of *People v. Cornwell,* 37 Cal.4th 50, 33 Cal.Rptr.3d 1, 117 P.3d 622, 635 (2005) (citations omitted). But after *Miller-El II,* we recognize that our previous reading of the Supreme Court had engaged in in the first instance. Defendant urges reconsideration of these cases in light of the high court's decision in *Johnson,* in which the court conducted a comprehensive comparative juror analysis. Moreover, because comparative juror analysis is always so compelled at the appellate level. See, e.g., *Miller-El II,* 125 S.Ct. at 2325.

467 F.3d 1139, 75 USLW 9603, 06 Cal. Daily Op. Serv. 9940
(Cite as: 467 F.3d 1139)

Page 11

comparative juror analysis is always so compelled at the appellate level. See, e.g., *Miller-El II,* 125 S.Ct. at 2325. But see, e.g., *People v. Box,* 23 Cal.4th 1153, 99 Cal.Rptr.2d 69, 5 P.3d 130, 728 (2000) (declining to decide whether *Miller-El II* required comparative juror analysis on appeal, but concluding that even if it did, such an analysis did not support the defendant's claim of a racial bias), cert. denied, 547 U.S. 1043, 126 S.Ct. 1149 (2006). But, comparative juror analysis is an important tool that courts *should* use on appeal.

[11] Moreover, because comparative juror analysis assists a court in determining whether the totality of the circumstances gives rise to an inference of discrimination, it also constitutes evidence that called for on appeal even when the trial court has failed to make a prima facie showing at the first step of the *Batson* analysis. Without engaging in comparative juror analysis, we are unable to determine whether the prosecution's different responses, which could then justify a peremptory strike on purportedly nonracial grounds. As we noted in *Miller-El II,* if the trial court concluded that the prosecution had provided race-neutral reasons for the strikes, 125 S.Ct. at 2323. The Court, on review, at the third *Batson* step considered the written and oral statements made by the prosecution about the jurors and stated reasons for dismissing the African-American jurors to determine whether race played a role in the prosecution's use of its peremptory strikes.

Some California courts have questioned whether comparative juror analysis is similarly appropriate at the first *Batson* step, where the prosecution has not stated its reasons for striking a juror. See, e.g., *People v. Box,* 23 Cal.4th 1153, 99 Cal.Rptr.2d 69, 5 P.3d 130, 728 (2000) (declining to consider comparative juror analysis at the first *Batson* step, because the defendant failed to make a prima facie case), we conclude [that] defendant's proffered analysis fails to establish a prima facie case of group bias.

do so at trial"), *petition for cert. filed,* — U.S.L.W. — (U.S. Oct. 27, 2006) (No. 06-). In *People v. Box, Guerra,* 37 Cal.4th 1067, 60 Cal.Rptr.2d 118, 129 P.3d 321, 351 (2006) ("Performing a comparative analysis for the first time on appeal, as here, the analysis is problematic because, when the prosecutor did not provide reasons for the challenge and trial court did not make a prima facie finding, we had to be established."). We believe, however, that *Batson* procedure requires a comparative juror analysis even when the trial court has concluded that the defendant failed to make a prima facie case.

In *Miller-El II,* the Supreme Court did not merely review the reasons that the prosecutor gave for peremptorily striking the African-American jurors; instead it also examined the totality of circumstances that the prosecutor had pursued in the various jurors. 125 S.Ct. at 2333-38. The Court concluded that the prosecutor asked different questions of minority prospective jurors from those it asked of the prospective jurors it chose to engage in such analysis it may determine whether a defendant has made a prima facie showing of unlawful discrimination. There is nothing that suggests that it is more difficult or less reliable to engage in such analysis at step one rather than step three of *Batson. Cf. United States v. Esparza-Gonzalez,* 422 F.3d 897, 904-05 (9th Cir.2005) (engaging on direct review, in comparative juror analysis to hold that the defendant established a prima facie case of intentional unlawful discrimination).

Further, both *Johnson* and *Miller-El II* suggest that comparative juror analysis is necessary at the third *Batson* step. See, e.g., *People v. Box,* 37 Cal.4th 1067, 60 Cal.Rptr.2d 118, 129 P.3d 321, 351 (2006). A court's conclusion*1150 that a defendant failed to make a prima facie case could insulate from review holdings of at least some of peremptory challenges, when the objector has failed to make a prima facie showing of discrimination, or whether an appellate court must conduct a comparative juror analysis for the first time on appeal, when the objector failed to

[12] But we can engage in no comparative juror analysis here, because we do not know what

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

467 F.3d 1139
467 F.3d 1139, 75 USLW 3603, 06 Cal. Daily Op. Serv. 9940
(Cite as: 467 F.3d 1139)

Page 14

Cir.2003) ("We therefore conclude that juvenile adjudications can rightly be characterized as 'prior convictions' for *Apprendi* purposes, and that the district court did not err in increasing the defendant['s] sentence based on his prior juvenile adjudications."), *cf.* Note, *Constitutional Law-Right to Jury Trial-Eighth Circuit Holds an Adjudication of Juvenile Delinquency to be a Prior Conviction for Purposes of Sentence Enhancement of a Subsequent Criminal Proceeding,* 116 Harv. L.Rev. 705, 708 (2002) (comparing various circuit approaches and suggesting that *Tighe's* understanding of the jury trial right is more consistent with the implications of the Supreme Court's recent jury trial jurisprudence"). To date, the Supreme Court has not resolved the conflict.

[15] Although we are not suggesting that *Tighe* was incorrectly decided, as some of these varying interpretations of *Apprendi* suggest, the opinion does not represent clearly established federal law" as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In general, Ninth Circuit precedent remains persuasive authority in determining what is clearly established federal law. *See Duhaime v. Ducharme,* 200 F.3d 597, 600-01 (9th Cir.1999) (stating that Ninth Circuit case law may be used to help determine clearly established federal law). But, in the face of authority that is directly contrary to *Tighe,* and in the absence of explicit direction from the Supreme Court, we cannot hold that the California court's use of Petitioner's juvenile adjudication as a sentencing enhancement was contrary to, or involved an unreasonable application of, Supreme Court precedent.

AFFIRMED in part, REVERSED AND REMANDED in part, with instructions to enter a conditional writ of habeas corpus ordering Melissa Boyd's release unless the State provides to him, without charge, a complete voir dire transcript within a reasonable period of time, after which he may renew his *Batson* claim in the district court.

C.A.9 (Cal.),2005.
Boyd v. Newland
467 F.3d 1139, 75 USLW 3603, 66 Cal. Daily Op. Serv. 9940

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

---

Westlaw

127 S.Ct. 2249
127 S.Ct. 2249, 167 L.Ed.2d 1089, 75 USLW 3403, 75 USLW 3603, 75 USLW 3607
(Cite as: 127 S.Ct. 2249) (Mem))

Page 1

H
Newland v. Boyd
U.S.,2007.

Supreme Court of the United States
Anthony C. NEWLAND, Warden, petitioner,
v.
Melissa BOYD.
No. 06-1032.

May 14, 2007.

Case below, 467 F.3d 1139.

Petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit denied.

U.S.,2007
Newland v. Boyd
127 S.Ct. 2249, 167 L.Ed.2d 1089, 75 USLW 3403, 75 USLW 3603, 75 USLW 3607

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXABB2 (C.)

BOARD OF PAROLE HEARINGS
STATE OF CALIFORNIA

<table>
<tr><td></td><td>Records Office Use Only</td></tr>
<tr><td rowspan="8"></td><td>Projected Revocation Release Date</td></tr>
<tr><td>Revocation Release Date</td></tr>
<tr><td>Controlling Discharge Date</td></tr>
<tr><td>Discharge Review Date</td></tr>
</table>

# SUMMARY OF REVOCATION HEARING AND DECISION

(BPH Rules, Chapter 6, Article 3)

## PRELIMINARY INFORMATION

**Type of Hearing**
REVOCATION

**Location of Hearing**
SANTA RITA COUNTY JAIL
Parolee in custody at Time of Hearing: YES

**Basis for Charges**
Parole Violation Report, Dated:    27-SEP-2007

Police Report Agency        Dated: 07-SEP-2007
OAK PD 07-70249

**Optional Waiver**
NO        Date Signed by Parolee:
          Date of BPH Action:

Assessment:

**Legal Data**
The crime for which the parolee was committed to prison occurred on or before 12-31-1978:  NO
The crime for which the parolee was committed to prison occurred on or after 1-1-1979:  YES
Date of arrest on current parole violation charge(s):   19-SEP-2007
Date hold was placed on current parole violation charge(s):  19-SEP-2007

ADA   Special Needs:  EOP

**Present at Hearing**        Hearing Officer: D STAR

1. [X] Yes  [ ] No  Parolee (If Parolee absent, Why?)
2. [X] Yes  [ ] No  Attorney Name: LARSEN, SUSIE          [ ] Waived
3. [X] Yes  [ ] No  Agent of Record or Substitute: TUCKER, WILLIAM      Reason not present:
4. [ ] Yes  [ ] No  Hearing Agent:                        Reason not present:
5. [X] Yes  [ ] No  Observers    Name and Organization: DEPUTY STEWART, SECURITY
6. [ ] Yes  [X] No  Interpreter Assigned Language                Name

**Witnesses**  (continue on the last page if more than 8 witnesses)

<table>
<tr><td colspan="2">Present</td><td rowspan="2">Name</td><td colspan="2">Notified</td><td colspan="2">Wit. Desig.**</td><td>Testified</td><td>Excused</td><td rowspan="2">If absent, state specific reason.</td></tr>
<tr><td>Yes</td><td>No</td><td>Meth.*</td><td>Date</td><td>Stat.</td><td>Req.</td><td></td><td></td></tr>
<tr><td>X</td><td></td><td>LIMMIE BOYD</td><td>SP</td><td>09-OCT-07</td><td>V</td><td>S</td><td>X</td><td></td><td>DNA</td></tr>
<tr><td>X</td><td></td><td>PHILLIP LARKIN</td><td>SP</td><td>09-OCT-07</td><td>V</td><td>S</td><td>X</td><td></td><td></td></tr>
<tr><td></td><td>X</td><td>LILLA DOWNS</td><td>SP</td><td>09-OCT-07</td><td>V</td><td>S</td><td></td><td></td><td>DNA</td></tr>
</table>

*NOTIFICATION METHOD

M = Memo      PC = Personal Contact
L = Letter    SP = Subpoena
PH = Phone    TT = Teletype

**USE ABBREVIATION FOR WITNESS DESIGNATION

Status:  A = Adverse      Requested by: S = State
         F = Friendly                   P = Parolee
         V = Victim

<table>
<tr><td>NAME<br>BOYD, MOBASSA</td><td>CDC NUMBER<br>P05952</td><td>INST/REGION / AGENT<br>OAKLAND 2 / 2<br>TUCKER, WILLIAM</td><td>HEARING DATE<br>23-OCT-2007</td></tr>
</table>

24

BOARD OF PAROLE HEARINGS
SUMMARY OF REVOCATION HEARING AND DECISION
STATE OF CALIFORNIA

**Preliminary Information (cont.)**

H. HEARING:    Occurred

REASON:

Specify Witnesses/Documents needed for next hearing:

## SUMMARY OF FINDINGS

**ADMISSIONS/DENIALS AND FINDINGS**

| Charges | | | Plea | | | Findings | | |
|---|---|---|---|---|---|---|---|---|
| Charge Number | Code Number | Charge Specified | Admit | Deny | No Plea | Good Cause | Dismiss | Postponed |
| 1. | 999 | ELDER ABUSE | | | X | | X | |
| | | | | | | | | |
| 2. | 915 | THREATEN/HARASS ANOTHER | | | X | | | |
| | | Amended. See Charge # below. | | | | | | |
| 2A. | 992 | Criminal threats | | | | X | | |
| | | Reason: More accurately reflects parolee's behavior | | | | | | |

| | |
|---|---|
| NAME | CDC NUMBER |
| BOYD, MOBASSA | P05952 |

| INST/REGION / AGENT | HEARING DATE |
|---|---|
| OAKLAND 2 / 2 | 23-OCT-2007 |
| TUCKER, WILLIAM | |

25

BOARD OF PAROLE HEARINGS                                                  STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION

### REASON FOR DECISION

**Basis for Conclusion:**

ADA: DEC HX OF 2001 EOP CLASSIFICATION AND CURRENTLY HAS POC CONDITION; PAROLEE REPORTS NEEDS PSYCH MEDS, NOT CURRENTLY RECEIVING AT JAIL HOWEVER FELT OK AND WISHED TO PROCEED; ASSIGNED ATTORNEY AS ACCOMMODATION FOR MENTAL HEALTH ISSUES.
NO PRELIMINARY ISSUES RAISED.

CH 1 = DISMISSED ; INSUFFICIENT EVIDENCE OF ANY WILLFULLY CAUSING OF PHYSICAL OR MENTAL SUFFERING TO LILLA DOWNS; MS DOWNS DNA AS SHE IS 92 YRS OLD AND REPORTEDLY HAS DEMENTIA (PER SONS TESTIMONY); WITNESS LIMMIE BOYD TESTIFIED TO PAROLEE MANIPULATING THE GRANDMOTHER FOR MONEY HOWEVER THIS DOES NOT RISE TO LEVEL OF CAUSING ANY MENTAL SUFFERING AND MR. LIMMIE BOYD TESTIFIED TO THIS AS WELL.

CH 2 = GCF ON AMENDED CHARGE OF CRIMINAL THREATS BASED ON LIMMIE BOYD CREDIBLE TESTIMONY TODAY THAT WAS CONSISTANT WITH HIS EARLIER STATEMENTS TO AGENT AND TO POLICE THAT PAROLEE WENT INTO A RAGE AT HIS HOUSE AFTER LIMMIE TOLD HIM HIS FINANCIAL SUPPORT WAS BEING REDUCED, LIMMIE ARMED HIMSELF IN SELF DEFENSE, ASKED PAROLEE TO LEAVE, THREATENEED TO CALL POLICE, PAROLEE PICKED UP A PORTA POTTIE, YELLED HE WAS GOING TO KILL FATHER AND THREATENED SAME AS HE LEFT THE RESIDENCE; WITNESS LARKIN TESTIFIED TO NOT BEING PRESENT ON THIS DATE BUT WITNESSING A PRIOR CONFRONTATION BETWEEN THE TWO AT LIMMIE BOYD'S HOUSE WHERE HE HAD TO STEP INBETWEEN; PAROLEE DENIED THREATENING LIMMIE, ADMITTED WAS OVER THERE TO VISIT GRANDMOTHER AND ASK FOR FUNDS BUT LEFT ON HIS OWN; PAROLEE EXPLAINATION TODAY WAS THAT FATHER LYING AS HE HAS NEVER LIKED HIM HOWEVER EVIDENCE TODAY INDICATED CONSIDERABLE FINANCIAL SUPPORT HAD BEEN PROVIDED PRIOR TO CURRENT INCIDENT BY FATHER AND GRANDMOTHER AND A HELPFUL RELATIONSHIP.

**Basis for Disposition:**

1ST TERMER ON PAROLE FOR P12021
E SINCE 10-22-02 WITH ONE PRIOR 12I RTC LAST YEAR FOR ABSCONDING/RESISTING/POC/TRAVELING ; WAS LIVING WITH RELATIVE AND GOING TO SCHOOL UNTIL RECENTLY; PAROLEE PRESENTED LETTER FROM MR. BALDE OF MUSLIM CHURCH INDICATING PAROLEE HAD BEEN DOING VOLUNTEER TEACHING AT THEIR CHURCH; AGENT ALSO NOTED THAT PAROLEE DID REPORT IN FOR THE ARREST ON THE CURRENT CHARGE; BASED ON NATURE OF CHARGE NOTING ABOVE INFORMATION IN MITIGATION BUT A SERIOUS CHARGE WITH HX OF VIOLENCE INVOLVING RELATIVES, RTC FOR NINE MNS INELIGIBLE PLUS ADDED SPECIAL CONDITION OF NO CONTACT WITH VICTIM LIMMIE BOYD.

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|------|------------|---------------------|--------------|
| BOYD, MOBASSA | P05952 | OAKLAND 2 / 2<br>TUCKER, WILLIAM | 23-OCT-2007 |

2b

BOARD OF PAROLE HEARINGS                                                STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION

### SUMMARY OF DISPOSITION

Parole Referral: REFER

Custody Status: In Custody as of 19-SEP-07

[ ] Continue on Parole    [ ] Schedule for Revocation

[ ] Dismiss    [ ] Other-Non-Rev Sanction

[X] Parole Revoked-Return to Custody: 9 months

Serve [ ] Consecutively [ ] Concurrently

[ ] Parole Revoked-Return to Custody:    months for Psych Rx

[ ] Time Served:    to

Hold Order: [ ] Place [ ] Remove

**3057 Credits**

[ ] Eligible

[X] Ineligible 3057d-1    Reason for Ineligibility:

   [X] Commitment Offense: P12021

   [ ] Revocation Offense:

   [ ] Parole Violation:

   [ ] Sentenced under PC 1168:

[ ] Unsuitable for credits because of PC 3057(d)(2)(e)

   [ ] Prior Criminal History

   [ ] Circumstances & Gravity of Parole Violation

Specify Reason

---

**Parolee Decision**

[ ] Accept    [ ] Reject    [ ] Optionally Waive

**Optional Waivers**

[ ] Previous BPH Action of _____ is:

   [ ] Rescinded    [ ] Reaffirmed

**Special Conditions of Parole**

[ ] Noted    [ ] Reaffirmed    [X] Amended

**Other**

| Special Condition | Reason |
|---|---|
| ADD NO CONTACT WITH LIMMIE BOYD | VICTIM OF C/O |

Instructions to CDCR or DAPO Staff

AGENT TO REVIEW WITH DAPO NEEDS FOR NO CONTACT WITH GRANDMOTHER BASED ON CIRUCUMSTANCES OF C/O

Miscellaneous Actions

---

**BPH HEARING PANEL**

NAME:

NAME: D. _Sus_

DECISION REVIEW BY:

| REVOCATION HEARING TIME (MINUTES) | |
|---|---|
| 1. Prehearing Prep. Time: | 18 |
| 2. Actual Hearing Time: | 95 |
| 3. Report Completion Time: | 20 |
| 4. Other: | |
| **Total:** | 133 |

Hearing Accommodations (ADA) Provided: [ ] Yes [ ] No

Accom:

---

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|---|---|---|---|
| BOYD, MOBASSA | P05952 | OAKLAND 2 / 2<br>TUCKER, WILLIAM | 23-OCT-2007 |

BOARD OF PAROLE HEARINGS                                                    STATE OF CALIFORNIA
## SUMMARY OF REVOCATION HEARING AND DECISION

### V. OBJECTIONS

[X] None          [ ] Yes

| NAME | CDC NUMBER | INST/REGION / AGENT | HEARING DATE |
|------|------------|---------------------|--------------|
| BOYD, MOBASSA | P05952 | OAKLAND 2 / 2 TUCKER, WILLIAM | 23-OCT-2007 |

```
L STATUS SUMMARY  TYPE-   D     CSP-S                      01/04/2000 22:44

JC NUMBER  |  NAME                            |ETHNIC|      BIRTHDATE
F05952     |  BOYD,MOBASSA,K                  | BLA  |     08/28/1974

RM STARTS   MAX REL DATE   MIN REL DATE   MAX ADJ REL DT |  MIN ADJ REL DT
8/03/1998    11/11/2003     10/22/2002     11/11/2003    |   10/22/2002

                                              |  PAROLE PERIOD
  TERM  6/00 + ENHCMNTS   0/00 = TOT TERM  6/00 |  3 YRS

-PRISON + POST SENTENCE CREDITS
E      P2900-5 P1203-3 P2900-1 CRC-CRED MH-CRED P4019  P2931 POST-SENT  TOT

404       145                                   72           33      250


CV DT/ COUNTY/    CASE    SENTENCE DATE            CREDIT    OFFENSE
NT        OFF-CODE DESCRIPTION                     CODE       DATE

TROLLING PRINCIPAL & CONSECUTIVE   (INCLUDES ENHANCEMENTS/OFFENSES):

JNTROLLING CASE --
J3/1998  ALA   132404      6/30/1998  NO STRIKES: 2
 P12021(E)  POSS F/A W/PRIOR JUV CONV                  3   02/05/1998


                              RULE _____D A Y S_____
   DATE      END DATE LOG NUMBER   NUMBER  ASSESS LOST REST DEAD


 08/03/1998            ******BEG BAL*******
 05/01/1999            199050516 3005(C)      90    90
 08/03/1998            132404
 12/28/1999            199050516 3005(C)                 90
URRENT PC BALANCE:    0            CURRENT BC BALANCE:    385
```

29

STATE OF CALIFORNIA
CHARGE SHEET/REVOCATION TRACKING/SCHEDULING REQUEST
CDC 1676 (4/91)

DISTRIBUTION DEPARTMENT OF CORRECTIONS
ORIGINAL - BOARD REPORT
1ST COPY - R.H.C.
2ND COPY - H.A.
3RD COPY - PAROLEE
4TH COPY - U.S.

REPORT TO:   ☑ BOARD OF PRISON TERMS
             ☐ NARCOTIC ADDICT EVALUATION AUTHORITY

| CDC NUMBER | NAME (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT | CSTCU - ST |
|---|---|---|---|---|
| P05952 | Boyd, Mobassa | Same | II/Oakland | ☐ YES ☐ NO |

| ARREST DATE | ARRESTING AGENCY | BPT REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 9-19-07 | Oakland PD | ☐ MANDATORY  ☒ NON-MANDATORY | AYB907/Santa Rita jail |

ARREST CODE: A
ARREST CODES:  A    P&CSD STAFF ALONE    B    LAW ENFORCEMENT AGENCY ALONE
AB   P&CSD ASSISTED BY LAW ENFORCEMENT AGENCY    D    LAW ENFORCEMENT AGENCY WITH INFORMATION FROM P&CSD

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARGE |
|---|---|---|---|---|---|---|
| 9-19-07 | 9-19-07 | Intact | W. Tucker | 7-9-08 | 3-10-08 | ☐ |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| Cond 4: Elder Abuse (999) | 4. |
| Cond 4: Threaten/Harass another (915) | 5. |
|  | 6. |

*PRIORITY*    RECEIVED

| REASON FOR RETAINING PAROLE HOLD: | PAROLEE DANGER TO: | | | DATE COPY SENT TO PAROLEE | INITIALS OF PERSON SENDING |
|---|---|---|---|---|---|
| ☐ ABSCOND | ☒ SELF | ☒ PROPERTY-OTHERS | ☒ SAFETY-OTHERS | | SEP 2 8 2007 |

Supporting Evidence

SANTA RITA D.R.U

**Charge 1 and 2:**

On 9-7-07, Subject's father Limmie Boyd came to parole office and provided AOR with a written statement regarding subject Mobassa Boyd.

Limmie stated that in August 2007, the subject's grandmother Lilla Downs gave the subject's landlord Phillip Larkin $800.00 to distribute to subject on as need basis. The subject used up the monies before the end of the month and then borrowed $344.00 from Landlord Phillip. The subject said he would pay Phillip back September 2007. The subject failed to pay Mr. Phillip back. The subject claimed that he did not receive his (SSI) check in September 2007, but later admitted that he had received his SSI check but he had already used up the cash. The subject went over to his grandmother's Lilla and attempted to manipulate her out of $800.00 more but was unsuccessful.

Mr. Limmie stated that on 9-3-07, the subject stated that his elderly mother Lilla has been paying the subject's rent of $550.00 monthly as well as given him $200.00 a week for transportation to school. The subject's grandmother has a problem thinking things through. When the subject dropped out of school the subject's elderly grandmother Lilla reduced his weekly amount to $140.00 the subject became angry and went into a rage. Limmie stated that it appeared that the subject wanted to fight. The subject grabbed a small table and threatened Limmie with it. Limmie picked up a hammer to use for self defense. No one was struck with the table or hammer. Limmie called the police and told the subject to get out of his house. The subject prior to leaving the residence threatened to kill Limmie.

On 9-17-07, AOR received copy of complaint letter that Limmie Boyd submitted to the Oakland Police department report ████████. Information is same as above.

On 9-19-07, The subject was arrested by DAPO in the parole office for Elder abuse and threaten another person. Subject was transported and booked at Glenn Dyer County jail.

30

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| Boyd, Mobassa | P05952 |

Parolee Statement: Subject did not provide a statement.

Court Information: No court date.

Attachments: Oakland Police Report 

Witnesses:  Agent W. Tucker 4848,

Victims Limmie Boyd, Lilla Downs and Phillip Larkin

31

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| Boyd, Mobassa | P05952 |

# SUMMARY OF PAROLE ADJUSTMENT

CDC 1521-B (1/91)

## ATTACH LEGAL STATUS SUMMARY

| CDC NUMBER | NAME (LAST, FIRST, MI) | DATE OF REPORT |
|---|---|---|
| P05952 | Boyd, Mobassa | 9-25-07-07 |

### PRIOR COMMITMENT(S)

| OFFENSE TITLE(S) | | CODE SECTION(S) | DATE(S) OF COMMITMENT |
|---|---|---|---|
| | | | |
| | | | |

| SPECIAL CONDITION(S) OF PAROLE | INITIAL PAROLE DATE | LAST REV. REL DATE (RRD) |
|---|---|---|
| | 10-22-02 | 3-10-07 |

Participate in Parolee Outpatient Clinic

### RESIDENCE

| LAST KNOWN ADDRESS | LIVING WITH | RESIDENTIAL PATTERN |
|---|---|---|
| ████████ Oakland CA. 94605 | Self | Stable |

### MEANS OF SUPPORT

| SOURCE OF SUPPORT | IF EMPLOYED, EMPLOYER'S NAME & BUSINESS ADDRESS | DATES EMPLOYED FR: - TO: | POSITION HELD |
|---|---|---|---|
| SSI | Unemployed | | |

EVALUATION - Cover the period from date of last release to current report. Include positive and negative factors of this release and community programs available in lieu of revocation, e.g. drug programs, psychiatric in-patient or out-patient, etc.

### SECOND STRIKER

Subject is a Multi termer with a commitment offense of Convicted person with a firearm. Subject has a criminal history that consist of

Convictions for: Convicted person in possession of a firearm and Arrest for: Second Degree Murder, Threaten crime with intent to terrorize, Felon/Addict/Possess Firearm.

Subject's adjustment to parole has been moderate. Subject is a second striker with a long criminal history which consists of a violent past which is reflected by CII/Rap Sheet. Subject's criminal history makes him a threat to the community. A Board of Prison Hearings is warranted. If good cause is found a return to custody recommended.

32

| PAROLEE'S NAME | CDC NUMBER |
|---|---|
| Boyd, Mobassa | P05952 |

STATE OF CALIFORNIA
RECOMMENDATION, REVIEW AND SIGNATURE SHEET
CDC 1521-D (1-91)

| BPT | RECOMMENDATION | NAEA |
|---|---|---|

| | BPT | | NAEA |
|---|---|---|---|
| ☐ | Reinstate on Parole as of _____ | ☐ Continue outpatient or civil addict parole status | |
| ☐ | Cancel Want - Remove Warrant from File | ☐ Dismiss _____ | |
| ☐ | Extend Parole Period to Maximum Pending Parole | ☐ Suspend - reinstate as of _____ | |
| ☐ | Continue on Parole | ☐ Suspend - return | |
| ☐ | Dismiss | ☐ Remove Release / Parolee at Large | |
| ☐ | Remove Parole Hold | ☐ Continue oral order of _____ | |
| ☒ | Retain Parole Hold | ☐ Confirm oral order of _____ | |
| ☒ | Refer to Screening Calendar | ☐ Vacate oral order of _____ | |
| ☐ | Schedule for Revocation Hearing | ☐ Other _____ | |
| ☐ | Schedule for Revocation Hearing -- Psychiatric Treatment | | |
| ☐ | Schedule for Good Cause Hearing -- (Cooperative Parole) | | |
| ☐ | Maintain in Community Pending Revocation Proceedings. | | |
| ☐ | Other _____ | | |

PAROLE AGENT'S SIGNATURE    W. Tucker    DATE  9-26-07

| BPT | UNIT SUPERVISOR'S DECISIONS | NAEA |
|---|---|---|

| | BPT | | NAEA |
|---|---|---|---|
| ☐ | Reinstate on Parole as of _____ | ☐ Continue outpatient or civil addict parole status | |
| ☐ | Cancel Want --Remove Warrant from File | ☐ Dismiss | |
| ☐ | Extend Parole Period to Maximum Pending Parole | ☐ Suspend - reinstate as of _____ | |
| ☐ | Continue on Parole | ☐ Suspend - return | |
| ☐ | Dismiss | ☐ Remove Release / Parolee at Large | |
| ☐ | Remove Parole Hold as of _____ | ☐ Continue oral order of _____ | |
| ☐ | Retain Parole Hold | ☐ Confirm oral order of _____ | |
| ☐ | Refer to Screening Calendar | ☐ Vacate oral order of _____ | |
| ☐ | Schedule for Revocation Hearing | ☐ Other _____ | |
| ☐ | Schedule for Revocation Hearing -- Psychiatric Treatment | | |
| ☐ | Schedule for Good Cause Hearing -- (Cooperative Parole) | | |
| ☐ | Maintain in Community Pending Revocation Proceedings | | |
| ☐ | Other _____ | | |
| ☐ | Note to Hearing Agent: History of major psychiatric disorder should be considered in attorney determination. | | |
| ☐ | Note to Classification Staff Representative: May be psychotic. Requires evaluation for category. | | |

COMMENTS  Subject posed as threat risk to victim and warrants BAH review of arrest charges.

SUPERVISOR'S SIGNATURE    Jody Black    DATE  9-27-07

DATE PAROLEE COPY PROVIDED    ☐ MAILED    ☐ DELIVERED    BY: (SIGNATURE)

PAROLEE'S NAME    _____    CDC NUMBER  P05952

STATE OF CALIFORNIA

**PAROLE VIOLATION DISPOSITIONS - (INCLUDING BPT)**

CDC 1244 (Rev 4/99)

DEPARTMENT OF CORRECTIONS

PAGE ____ 1 ____ OF ____ 1 ____

**INSTRUCTIONS FOR COMPLETING** - For minor violations, the Parole Agent is to complete the columns titled "DATE OF VIOLATION," "VIOLATION," and "ACTION." The Unit Supervisor will enter the "ACTION CODE" and sign in the column titled "ACTION TAKEN BY." For all Board of Prison Terms (BPT) actions, where good cause is found, the Parole Agent shall complete all columns including the "ACTION CODE" column. Entries are to be in chronological order and typed or legibly handwritten. The Original CDC 1244 is to be maintained on the top right-hand section of the field file. A copy of the CDC 1244 is to be attached to violation reports.

| ACTION | ACTION CODE | | |
|---|---|---|---|
| COP - Continue on Parole | 1. Mandatory BPT | 3. Good Parole Adjustment | |
| RTC - Return to Custody | 2. Non-Mandatory BPT | 4. Community Program | |
| Dismiss - No Parole Violation | A. Commitment Offense | 5. Minimal Risk Person or | |
| Reinstate | B. Repeat Violations | Property | |
| SATCU | C. Psychological Problems | 6. No Parole Violations | |
| PAL | D. Serious Violation | 7. Dismissal | |
| Other (specify): | E. Poor Parole Adjustment | | |

COMMITMENT OFFENSE(S):

P12021 (E) POSS F/A W/PRIOR JUV CONV

1192.7(c) P.C. ☒ YES ☐ NO   667.5(c) P.C. ☒ YES ☐ NO

RISKS SCORE  H/C   NEEDS SCORE  2

| DATE OF VIOLATION | VIOLATION | ACTION | ACTION CODE | ACTION TAKEN BY |
|---|---|---|---|---|
| 09-02-03 | DPD | ——— | | BPT |
| 3-14-06 | Failure to Participate in PoC Absconding Leaving County of Res w/o approval, Resisting Arrest | RTC / 12I | 2E | BPT |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| CDC NUMBER | PAROLEE'S NAME (LAST, FIRST, MI) | UNIT |
|---|---|---|
| P05952 | BOYD, MOBASSA, K | OAKLAND 2 |

STATE OF CALIFORNIA
**CHARGE REPORT**
CDC 1502-B (08/05)

9/27

DEPARTMENT OF CORRECTIONS AND REHABILITATION
DISTRIBUTION
ORIGINAL – C-FILE
1ST COPY – FIELD FILE
2ND COPY - PAROLEE

**REPORT TO:** ☐ BOARD OF PAROLE HEARINGS

| CDC NUMBER | NAME: (LAST, FIRST, MI) | NAME BOOKED AS | REGION/UNIT |
|---|---|---|---|
| P05952 | Boyd, Mobassa | Same | II/Oakland 2 |

| ARREST DATE | ARRESTING AGENCY | BPH REFERRALS: | BOOKING NUMBER AND/OR LOCATION |
|---|---|---|---|
| 9-19-07 | DAPO | ☒ MANDATORY ☐ NON-MANDATORY | AYB907/Glenn Dyer jail |

| ARREST CODE * | * ARREST CODES | | |
|---|---|---|---|
| A | A   DAPO STAFF ALONE   AB   DAPO ASSISTED BY LAW ENFORCEMENT AGENCY | B   LAW ENFORCEMENT AGENCY ALONE   D   LAW ENFORCEMENT AGENCY WITH INFORMATION FROM DAPO | |

| HOLD DATE | DISCOVERY DATE | HOLD REMOVED DATE | AGENT OF RECORD | CONTROLLING DISCHARGE DATE | DISCHARGE REVIEW DATE | IMMINENT DISCHARG |
|---|---|---|---|---|---|---|
| 9-19-07 | 9-19-07 | Intact | W. Tucker | 7-9-08 | 3-10-08 | ☐ |

| CHARGES AND CODES | CHARGES AND CODES |
|---|---|
| 1. Cond 4: Elder Abuse (999) | 4. |
| 2. Cond 4: Threaten (915) | 5. |
| 3. | 6. |

REASON FOR RETAINING PAROLE HOLD: PAROLEE DANGER TO
☐ ABSCOND   ☒ SELF   ☐ PROPERTY – OTHERS   ☒ SAFETY -OTHERS

DATE COPY GIVEN

NAME OF PERSON NOTICING PAROLEE

On 9-19-07, Subject reported to the Oakland Parole office. Subject was arrested by DAPO for Threats and Elderly abuse. Subject was transported to Glenn Dyer jail.

**RECEIVED**

SEP 2 8 2007

SANTA RITA D.R.U.

PAROLE AGENT'S RECOMMENDATION:
Retain hold, Pending investigation of charges

| PAROLE AGENT'S SIGNATURE | DATE |
|---|---|
| W. Tucker | 9-19-07 |

UNIT SUPERVISOR'S ACTION
☒ DECISION   ☐ REVIEW   ☐ RETAIN HOLD   ☐ RELEASE HOLD AS OF (DATE):   ☐ CANCEL WARRANTS – WANTS
☐ CONTINUE ON PAROLE   ☐ CONTINUE IN OUT-PATIENT STATUS   ☐ *DISCHARGE EFFECTIVE DATE:   ☒ RETAIN ON PAROLE
☐ REINSTATE ON PAROLE AS OF (DATE):   ☐ TIME LOSS ☐ NO TIME LOSS   ☐ SUSPENDED/REINSTATE IN OPS AS OF (DATE):   ☐ REFER TO BPH   ☒ INVESTIGATE, SUBMIT APPROPRIATE REPORT BY (DATE): 9-27-07
SPECIAL CONDITION(S):   ☐ ADD   ☐ DELETE

UNIT SUPERVISOR'S COMMENTS/RECOMMENDATION:
☒ I HAVE LOOKED AT THE INFORMATION. I BELIEVE THERE IS PROBABLE CAUSE TO MAINTAIN THE PAROLE HOLD

| UNIT SUPERVISOR'S SIGNATURE | DATE |
|---|---|
| Jody Black | 9-19-07 |

PAROLE ADMINISTRATOR'S COMMENTS/DECISION

| ☐ REFER TO BPH | ☐ *DISCHARGE EFFECTIVE DATE | FIELD ADMINISTRATOR'S SIGNATURE | DATE |
|---|---|---|---|

**CITIZEN CRIME REPORT**
Oakland Police Department
455 7th Street, Patrol Desk (1st Floor)
Oakland, Ca 94607 - 3956

| For Departmental Use Only | TF - 862-1 (2/06) | | |
|---|---|---|---|
| Assign To **AST** | Police Beat | CP Beat | RD No. |
| Crime (Section/Subsection Code) **415 P.C.** | Classification **THREATS** | | |

Is this Report for Insurance Purposes Only?   ☐ Yes   ☒ No

Please type or print in non-erasable black ink. When this form is completed, it will serve as an Oakland Police Crime Report which will document the incident and assist in its investigation.

If a *written* report has already been made, please check the SUPPLEMENTAL box on the Citizen Additional/Supplemental Information form. If you desire a Report Document Number, call (510) 238-3021 after five (5) business days.

| LAST Name | First | Middle | Race | Sex | Date of Birth (Mo/Day/Yr) |
|---|---|---|---|---|---|
| Residence | City ☐ Oakland | Zip | | Res. Phone | |
| Business | City ☐ Oakland | Zip | | Bus. Phone ( | |

| Do you know who is responsible? | If yes, Name | Address/School | City/State |
|---|---|---|---|
| ☒ Yes   ☐ No | Mobassa-Boyd | | Oakland |

| Race | Sex | Age | Physical Description (Height, Weight, Hair Color, Scars, Tattoos, etc.) |
|---|---|---|---|
| Black | Male | 33? | about 5;7 or more 185 |

| Date of Incident | Day | Time | Address or Location Where Incident Occurred |
|---|---|---|---|
| Sep. 3. 2007 | Yes | About 2:00 pm  ☐ AM ☒ PM | |

| Vehicle Involved | Yr. | Make | Model | Color | License No. | State | Method of Entry | Point of Entry |
|---|---|---|---|---|---|---|---|---|
| ☐ Suspect's ☐ Victim's | | | | | | | ☐ Forced ☐ Attempt ☐ No Force | ☐ Door ☐ Roof ☐ Window |

Brief Summary of Incident

Suspect made threat on my life.

Describe What Was:   ☐ Stolen   ☐ Damaged   ☐ Lost

| | Article | How Many | Model and Number | Serial Number* | Color | Value |
|---|---|---|---|---|---|---|
| 1. | | | | | | |
| 2. | X | X | X | X | | |
| 3. | | | | | | |
| 4. | | | | | | |

*NOTE: It is VERY important to give the serial number of each item listed above.
IT IS A MISDEMEANOR TO MAKE A FALSE REPORT OF A CRIME (Sec. 148.5 Calif. Penal Code)

| Signature | Date (Month/Day/Year) 9-7-07 |
|---|---|

**For Departmental Use Only**

| Loss | Reporting Person | Investigator's Name | Serial No. |
|---|---|---|---|
| Approving Supervisor | Clearance | | Date Filed |

36

Sept 3, 2007-

Mokassa Boyd came over to my home where my older mother and I live. My mother had been helping him each month with a little money to help him to make it over, the month she had been paying his rent $550.00 a month and when he was in school to help with bus fare $200.00 a week. he dropped out of school. So we change to $140-week he was angry about this. the month Aug, we philip and I gave him $800.00 for the month he spent it before the month was out and borrow 344.00 to be paid back in Sept, he said he did not get the check. but leater said he do cash it spend money. Came over to the house for $800.00 from my mothe thying to manipulate my old mother who can'not think things out, She has ask me and me philip harkin to help with his needs. this we have been trying to do - So I ask him not to do this (manipulating my mother) And that he was taking to much money from her, and she was spending

More money on him than she get
a month and she was running out
of money. He became angry and went
into a rage. I thought she was going
to jump on me so picked up a hammer
to defend myself and got out of the
home. He got up small table my mother
use by her chair. Then I thought
that I should call the police and
not get myself into trouble doing
something to him. So I picked up
the phone to call police. He then
went out of the home saying he
was going to kill me. So I thought
that I should report this.

38

EXHIBIT (J)

BOARD OF PRISON TERMS                                                    STATE OF CALIFORNIA
NOTICE OF PAROLE REVOCATION RIGHTS AND ACKNOWLEDGEMENT
BPT 1100

*(Follows the ADA advisement and completion of the BPT 1073.)*

If the charges are referred to the Board of Prison Terms this is what will happen:

- You have a right to written notice of claimed violations of parole (CDC Form 1502b).
- You have a right to all evidence that will be used against you.
- You have a right to an attorney who will be assigned to represent you at all times during the revocation process.
- You have the right to ask your attorney to request an expedited (earlier) probable cause hearing if you have evidence that is a complete defense to the charges that are the basis of the parole hold.
- Effective July 1, 2005, you have the right to a probable cause hearing with your attorney, and a Deputy Commissioner of the Board of Prison Terms within 10 business days of today if you are in custody. You have the right to present letters, documents, and speak on your own behalf at this hearing. The reason for the probable cause hearing is for the Deputy Commissioner to determine if there is enough evidence to keep you in custody until your revocation hearing and to try to settle your case on that date. At the probable cause hearing you will also be given the opportunity to discuss and accept or reject the offer given to you by the Deputy Commissioner.
- If you are in custody, you have the right to a revocation hearing within 35 calendar days from the date the parole hold was placed and to receive written notice of the date and time of the hearing.
- You have a right to be heard in person and to present witnesses and documentary evidence in your defense at a revocation hearing.
- You have a right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).
- You have a right to a neutral and detached hearing officer.
- You have a right to have your revocation hearing within 50 miles of the alleged violation.
- You have the right to subpoena witnesses in your defense to the same extent that the state can subpoena witnesses.
- You have a right to a written statement by the hearing officer as to the evidence relied on and the reasons for the decision and to receive a tape recording of the revocation hearing.

## Acknowledgement

1. I have been informed of my rights listed above.
2. I know that I will meet with an attorney. My attorney will tell me all my rights and the BPT return-to-custody assessment offer.
3. I have a copy of the papers and reports checked below.

- [✓] BPT Form 1073, Notification of Americans with Disabilities Act completed today
- [✓] CDC Form 1502(b), Charge Report
- [✓] BPT Form 1100, Notice of Rights and Acknowledgement
- [✓] Blank Form BPT 1100(b), Request for Witnesses
- [ ] Other: _____

I have read (or had read to me) the information above. I have been given copies of the papers, forms, and reports listed above

| | | |
|---|---|---|
| _M̲a̲u̲r̲r̲ ̲B̲e̲z̲_ | P0S95Z | 9 21 07 |
| Signature of Parolee | CDC Number | Date |
| | E HAMPTON | 9 21 07 |
| Signature of Staff Completing the Actual Notice | Print First Initial, Last Name | Date |

NAME  *Boyd M.*     CDC #  *P0S95Z*     INST/REGION  *II/om/ 4O*

BOARD OF PRISON TERMS                                                                STATE OF CALIFORNIA

# NOTICE AND REQUEST FOR ASSISTANCE AT PAROLE PROCEEDING
BPT 1073

**I. PRE-INTERVIEW FILE REVIEW (STAFF ONLY)**

I acknowledge that I have reviewed all relevant and reasonably available central file and/or field file information prior to first contact with the inmate/parolee involved in this parole proceeding. For revocation proceedings, this file review must include, at the minimum, a review of the CDC Form 611 (revised 05/01) and a Parolee Disability Review Sheet (PDRS) and attached documents, if any.

Print Name: _C. 7119 MNNEO_     Sign Name: _____     Date: _9-20-07_

## Identified Disabilities

☑ Mental Health Concerns (Circle One)  CCCMS  EOP  MHCB  DMH  128C dated: _4-16-07_

☐ Developmental Disability (Circle One)  DD1  D1A  DD2  DD3  128C-2 dated: _____

☐ Physical Disability (Circle all that apply) (verified on CDC Form 1845 ) Dated _____

   **Mobility**  (DPW / DPO / DPM / DNM)  **Vision:**  (DPV/DNV)  **Hearing:**  (DPH / DNH)  **Speech:**  (DPS / DNS)

☐ Other Disability (that may limit access): _____ documented on_____ dated: _____

☐ Learning Disability documented on _____ dated: _____

☐ **NO DISABILITIES IDENTIFIED FROM THE FILE REVIEW.**

**Other Potential Assistance Needs:**

☐ Reading Level _NA_  Total GPL _NA_  (If not available, note "N/A")

☐ Non-English Speaking (List language(s) inmate/parolee speaks): _____

**II. INMATE/PAROLEE RIGHTS & SELF IDENTIFICATION**

You have a right to receive help for your hearing. If you need help talking, reading, hearing, seeing, understanding or getting to your hearing, you have a right to that help. You have a right to receive help in meeting with your attorney. If you do not speak English, you have a right to an interpreter. If you are deaf and use sign language, you have a right to a sign language interpreter. If you cannot read, the BPT or CDC must provide you with help to read the forms and papers. If you need special transportation, the BPT or CDC must provide it for you.

Check all that apply:

☐ I need help reading my documents.
☐ I need help understanding the procedures and forms.
☐ I need a sign language interpreter.
☐ I need a wheelchair and I  ☐ do have one.  ☐ do not have one.
☐ I do not speak English and need an interpreter in _____ (language)
☐ Other _____
☑ **I do not need any help for my parole hearing.** _PC 5952_

X _(signature)_     _PC 5952_     X _9 21 07_
Inmate/Parolee Signature     CDC #     Date Signed

**III. INITIAL SERVICE OF RIGHTS (STAFF ONLY)**

I have informed inmate/parolee of his/her rights and charges, if any, and have determined that he/she:

☑ Appears to understand                          ☐ Appears to have difficulty understanding

☐ Effective Communication Method Used: (Foreign language interpreter, sign language interpreter, read/spoke slowly, assistive device, etc.)

Additional Comments: _H.S. GRAD_

_E HAMMON_     _(signature)_     _9 21 07_
Staff Name and Title (please print)     Staff Signature     Date

**IV. BPT REVIEW FOR INTERNAL USE ONLY (Non-Lifer Cases)**                    RECEIVED

Accommodation(s)/Assistance to be provided at hearing(s): _EDD_

SEP 28 2007

_BOYD, MUBASSA_     _PC 5952_     _AYB907_     _TUCKER_
NAME     CDC #     TYPE OF HEARING     DATE OF HEARING     LOCATION

BPT 1073 (Rev 10/04)     Distribution: White – C-file, Canary – ADA Coordinator, Pink – BPT ADACU, Goldenrod – Inmate/Parolee     1 1 1

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

## MENTAL HEALTH PLACEMENT CHRONO

| Number | P05952 | Last | Boyd | First | Mobassa | Housing | N-331L | Date | 4/16/01 | | CMF |
|---|---|---|---|---|---|---|---|---|---|---|---|

THIS INMATE HAS COMPLETED A MENTAL HEALTH EVALUATION WITH THE FOLLOWING RESULTS  (check box(s) ) below:

a) ☐  Does <u>Not</u> Meet Criteria for Inclusion in the Mental Health Services Delivery System (MHSDS)

b) ☒  Meets Inclusion Criteria for the MHSDS.  Check Level of Care[ LOC] Below.

c) ☐  Inclusion is for Medical Necessity (Obtain Chief Psychiatrist Signature Below; Check LOC).

d) ☐  Currently included in the MHSDS.  Check new or continuing LOC below.

C:  ☐  Clinical Case Management          ☒  Enhanced Outpatient Program          ☐  Crisis Beds (MHCB)
        (CCCMS)                                          (EOP)
                                                                                                       ☐  Inpatient DMH

Calculated GAF  | 43 |        Psychotropic Medication Prescribed   Yes ☒     No ☐

<u>Current Behavior Alerts</u>

        Suicide ☐    Aggressive ☐      Self Injury ☐    Unpredict ☐    Other ☐  _____

<u>Behavior Comments:</u>

_____

Clinician  <u>Gregg</u> _____  Signature _____ Chief Psychiatrist_____    CDC Psychiatric 128C

Distribution:  Central File, Unit Health Record, CCI, IMHIS Coordinator, UMRN

42

# REVOCATION PACKET CONTENT CHECKLIST

| | Column 1 (Field Unit) | Column 2 (BPH) |
|---|---|---|
| **Parole Violation Report and Attachments:** | | |
| One (1) original and one (1) copy of the original | | |
| If applicable, one (1) Olsonized copy of the original | | |
| CDC 1676, Charge Sheet/Revocation Tracking/Scheduling | ✓ | ✓ |
| CDC 1521(b), Summary of Parole Adjustment | ✓ | ✓ |
| CDC 1244, Parole Violations Disposition | ✓ | ✓ |
| CDC 188, Legal Status Summary | ✓ | ✓ |
| CDCR 1521(d), Recommendation, Review, and Signature Sheet | ✓ | ✓ |
| CDCR 1654, Parole Revocation Hearing Notice and Witness Determination of the scheduled hearing | ✓ | ✓ |
| **Supporting/Evidentiary Documents:** | | |
| One (1) original and one (1) copy of the original | | |
| If applicable, one (1) Olsonized copy of the original | ✓ | ✓ |
| Police Report(s) | ✓ | ✓ |
| Lab Results | | |
| Other Reports | | |
| **Notice of Charges/PCH Documents:** | | |
| One (1) copy | | |
| CDCR 1502(b), Charge Report | ✓ | ✓ |
| BPH 1100 Notice of Right to Revocation Hearing - Acknowledgement | ✓ | ✓ |
| BPH 1073, Notice of Request for Assistance at Parole Proceedings | ✓ | ✓ |
| **ADA Source Documents (if applicable):** | | |
| CDC 128 B, General Chrono, LDL Verification/TABE | | |
| CDC 128 C, Chrono-Medical, Psych, Dental | ✓ | ✓ |
| CDC 128 C-1, Reception Center Medical Clearance | | |
| CDC 128 C-2, Chrono-Recommendation for Adaptive Support | | |
| CDC 1845, Inmate/Parole Disability Verification | | |
| Other: | | |

Complete the column by placing a check mark for the documents that are present and completed in the revocation packet. If a document is not applicable for this revocation packet i.e., lab results, mark N/A in the column.

**Column 1 - Inventoried by DAPO Staff:**

| Field Unit Forwarding Revocation Packet | Name/Title (Printed) | Date |
|---|---|---|
| Oakland Unit | B. Richie PT | 9-27-07 |

**Column 2 - Inventoried by BPH Staff:**

| DRU Site Completing Revocation Packet Review | Name/Title (Printed) | Date |
|---|---|---|
| | Aubrey Marks B.PH. SANTA RITA D.R.U. (925) 551-6927 | RECEIVED SEP 2 8 2007 SANTA RITA D.R.U. |

CDC Number: P05952          CDC Name (Printed): Boyd, Mo5953

243

BOARD OF PRISON TERMS                                          STATE OF CALIFORNIA

# PAROLEE – ATTORNEY DECISION FORM
BPT 1104(b)

ASSESSMENT OFFER OF: _____ months   INELIGIBLE   ELIGIBLE   (circle one)

☐ NOTICE ACKNOWLEDGEMENT: I have gotten and understand (or had explained to me) all necessary documents except the following (indicate form name and description or indicate "N/A" if you got everything):_____

*Select one of the five following options:*

☐ **1. ACCEPT:** I accept the return to custody order (assessment offer) and unconditionally give up my rights to contest the charges against me or have a probable cause or full revocation hearing. I also agree to any and all special conditions of parole imposed on me by the Board of Prison Terms.

☐ **2. OPTIONAL WAIVER:** I accept the assessment offer and optionally give up my right to a hearing (probable cause and full revocation) at this time because local charges have been filed. I may choose to have a hearing later (within 15 days of the end of local proceedings).

☐ **3. I request a PROBABLE CAUSE HEARING.** I understand that the assessment offer will remain open until the conclusion of the Probable Cause Hearing.

☐ **4. I request an EXPEDITED PROBABLE CAUSE HEARING.** (Please describe reason for this request on separate sheet. Note, an offer of proof is required to show there is a complete defense to the charges that are the basis of the parole hold).

☒ **5. REJECT:** I reject the screening offer, give up my right to a probable cause hearing, and request a full revocation hearing.

    ☐ I intend to **admit** to the charges circled below. (Circle the appropriate charge numbers only; those not circled are presumed to be a plea of either deny or no plea):
      • Charges I Admit :   1   2   3   4   5   6   7   8

☐ I need the following ADA and/or foreign language accommodation for my hearing:_____

☐ **WAIVERS:** I give up my right to the following: *(Select all boxes that apply)*
    ☐ I give up my right to call any witnesses at my full revocation hearing.
    ☐ I give up my right to call my parole agent to attend my full revocation hearing.
    ☐ I need _____ more days to prepare. I give up my right to have a timely (probable cause/full revocation) hearing. (Circle one or both).

| Signature of Inmate/Parolee | ☐ Inmate/Parolee refused to sign/appear (circle one or both). Witness: | Date 10-1-07 |
|---|---|---|
| Printed Name and Signature of Attorney | Telephone Number | Date 10-1-07 |

NAME _____   CDC NUMBER P05752   INST/REGION

BPT 1104-B (Rev 01/05)

**ISLAMIC CENTER OF ALAMEDA**
901 Santa Clara Ave
ALAMEDA, CA  94501
(510) 748-9033

---

October 22, 2007

To Whom It May Concern:

Re: **Support for Mobasa Boyd**

I Mr. Musa Balde as the Imam of the Islamic Center of Alameda. I have known brother Mobasa Boyd for seven years now. He has been an exemplary man in our community. Everyone loves and respects him for his kind and gentle manners. He has been volunteering as a teacher in our school for several years now. All of our students have learned so much from him. He is indeed a role model not only to the Muslim Community but also the community at large.

If you have any questions, please do not hesitate to call me at the above number.

Sincerely,

Mr. Musa Balde'

46

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT D.1

45

**ISLAMIC CENTER OF ALAMEDA**
901 Santa Clara Ave
ALAMEDA, CA 94501
(510) 748-9033

*RECEIVED*

*E-filing*

October 22, 2007

**cv 08    3005**
**RMW    (PR)**

To Whom It May Concern:

Re: **Support for Mobasa Boyd**

 I Mr. Musa Balde as the Imam of the Islamic Center of Alameda. I have known brother Mobasa Boyd for seven years now. He has been an exemplary man in our community. Everyone loves and respects him for his kind and gentle manners. He has been volunteering as a teacher in our school for several years now. All of our students have learned so much from him. He is indeed a role model not only to the Muslim Community but also the community at large.

If you have any questions, please do not hesitate to call me at the above number.

Sincerely,

Mr. Musa Balde'

46



7006 0810 0003 9821 2285

Mr. Mobassa Boyd
2545 75th AVE
Oakland, CA 94605

U.S. District Court
Northern District of California
450 Golden Gate AVE
San francisco, California 94102

PRIORITY MAIL
UNITED STATES POSTAL SERVICE ™
WWW.usps.gov
LABEL 107R, OCT 1997