Office of the Clerk, United States District Court
NORTHERN DISTRICT OF CALIFORNIA
280 SOUTH FIRST STREET, ROOM 2112
SAN JOSE, CALIFORNIA 95113-3095

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Filed
AUG 2 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

reason checked
— Refused
— Out to court
— Paroled
X Discharged

RETURN TO SENDER

Mobasabond
P-05952

RETURN TO SENDER
( ) No CDC Number
( ) Out to Court
( ) Refused
(X) Discharged
( ) Paroled
STATE MAX

(X) Not at Folsom State Prison
( ) Out to Medical
( ) Name & CDC # do not match
( ) Paroled

RECEIVED
AUG 20 2008
FOLSOM STATE PRISON
MAIL ROOM

discharge to Reg
Parole 7/9/08
State Max


UNITED STATES POSTAGE
$01.000
PITNEY BOWES
02 1A
0004327683
AUG 18 2008
MAILED FROM ZIP CODE 95113



*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBASSA BOYD, ) | No. C 08-3005 RMW (PR) |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE |
| ) | |
| vs. ) | |
| ) | |
| MATTHEW KRAMER, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a state parolee proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, petitioner was released on parole from a 1998 conviction of being a felon in possession of a firearm (Cal. Penal Code § 12021(e)). On October 23, 2007, the Board of Parole Hearings concluded that petitioner engaged in criminal threats in violation of his parole conditions, revoked his parole, and returned him to custody for nine months. Thereafter, petitioner filed a habeas petition in Alameda County Superior Court, which was denied on November 28, 2007. He then filed a habeas petition in the California Court of Appeal, which was denied on December 21, 2007. He finally filed a habeas petition in California Supreme Court, which was denied on April 9, 2008. The instant federal petition was filed on June 8,

Order to Show Cause
P:\pro-se\sj.rmw\hc.08\Boyd005osc        1

1  2008.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Claims

As grounds for federal habeas relief petitioner asserts that: (1) he was denied his right to present witnesses; (2) counsel was ineffective for failing to (a) investigate the case and (b) interview and subpoena witnesses; and (3) he was denied his right to present a defense. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date of receipt of this order and the petition, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

Order to Show Cause
P:\pro-se\sj.rmw\hc.08\Boyd005osc              2

court and serving it on respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date of receipt of this order. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/8/08

_Ronald M. Whyte_
RONALD M. WHYTE
United States District Judge