*E-FILED - 12/9/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOBASSA BOYD, ) | No. C 08-3005 RMW (PR) |
| ) | |
| Petitioner, ) | ORDER DISMISSING HABEAS |
| ) | PETITION AS MOOT |
| vs. ) | |
| ) | (Docket No. 9) |
| ) | |
| MATTHEW KRAMER, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner, a state parolee proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition for habeas corpus, petitioner asserted the revocation of his parole violated federal law.  While this action was pending, however, petitioner was released from Folsom State Prison.  As a result, respondent filed a motion to dismiss this action as moot. Petitioner has not filed an opposition.  For the reasons set forth below, the court finds the petition is moot and DISMISSES the instant petition.

**DISCUSSION**

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  Throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

An incarcerated or paroled convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration or the restrictions imposed by the terms of the parole constitute a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained and not considered moot. Id.

Courts may presume that a criminal conviction has continuing collateral consequences. See id. at 8-12 (noting that Supreme Court has been willing to accept hypothetical collateral consequences for criminal convictions). This presumption does not extend to parole revocations, however. See id. at 12-13. Rather, if the term imposed for violating parole has been served, a petitioner who seeks to challenge the revocation of his parole must demonstrate that continuing collateral consequences exist. Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987). The potential for detriment in a future parole or sentencing proceeding, impeachment in future court proceedings, or use against the petitioner if he appears as a defendant in a future criminal proceeding are not sufficient to constitute collateral consequences. See Spencer, 523 U.S. at 14-16.

Here, Petitioner was serving the parole revocation term at issue when he filed the present petition in June 2008; he completed serving that term, however, in July 2008. Accordingly, unless Petitioner shows that he is suffering from continuing collateral consequences of the now-expired parole revocation term, the challenge to the validity of his parole revocation hearing must be dismissed as moot. See Cox, 829 F.2d at 803. No continuing collateral consequences appear. Accordingly, the petition is dismissed as moot.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED as moot.

This order terminates docket no. 9.

///

1     IT IS SO ORDERED.

2 DATED: _12/5/08_____

                                           */s/ Ronald M. Whyte*
3                                        RONALD M. WHYTE
                                       United States District Judge

Order Dismissing Habeas Petitioner as Moot
P:\PRO-SE\SJ.Rmw\HC.08\Boyd005dis.moot.wpd    3